## *In re* WILKOWSKI.

WITNESSES—CONTEMPT—CRIMINAL LAW—LEGISLATOR—IMMUNITY.

State senator *held*, not entitled to constitutional immunity from being held in contempt of court for failure to obey order for appearance as witness before judge of recorder's court conducting so-called one-man grand jury proceeding for discovery of crime, since such contempt proceeding is criminal in character (Const. 1908, art. 5, § 8; 3 Comp. Laws 1929, § 17215 *et seq.*).

Petition by Anthony J. Wilkowski for leave to appeal in the nature of certiorari from conviction of contempt of court for failure to obey order for appearance as a witness before Thomas M. Cotter, judge of the recorder's court of the city of Detroit, conducting an examination pursuant to so-called one-man grand jury act (3 Comp. Laws 1929, § 17215 *et seq.*). Submitted March 19, 1935. (Calendar No. 38,381½.) Leave to appeal denied March 19, 1935.

*C. Walter Healy* (*Frank W. Atkinson*, of counsel), for petitioner.

*George E. Brand, amicus curiæ.*

*Harry S. Toy,* Attorney General, and *Chester P. O'Hara* and *Edmund E. Shepherd,* Assistants Attorney General, for the people.

PER CURIAM. The sole question presented by the application of Senator Wilkowski for certiorari to review conviction of contempt of court for failure to obey an order for his appearance as a witness before

Honorable Thomas M. Cotter, judge of the record-er's court of the city of Detroit, then conducting an examination under the provisions of 3 Comp. Laws 1929, § 17215 *et seq.,* is whether such contempt proceeding is criminal or civil in character. As stated in applicant's brief:

"If this be a criminal proceeding and the constitutional provision does not provide immunity in criminal proceedings obviously the lower court was right."

We adhere to the rule as stated by Chief Justice White in *Williamson* v. *United States,* 207 U. S. 425 (28 Sup. Ct. 163), that all criminal offenses are comprehended by the terms "treason, felony and breach of the peace," and hold that the proceeding in question is criminal in its nature and not civil.* *Carnahan* v. *Carnahan,* 143 Mich. 390, 399 (114 Am. St. Rep. 660, 8 Ann. Cas. 53).

We have just passed upon the nature of proceedings under 3 Comp. Laws 1929, § 17215 *et seq.,* in *Re Petition for Investigation of Recount, ante,* 328.

The application is denied.

EDWARD M. SHARPE, J., did not sit.

---

* See Michigan Const. 1908, art. 5, § 8.