# DECEMBER SESSION, 1967.*

### PEOPLE v. BUCHANAN.

1. DIVORCE—SUPPORT PAYMENT DELINQUENCIES—ORDER FOR ARREST—WRIT OF ATTACHMENT.
   A writ of attachment or order for arrest of a party in a divorce action who is delinquent in making child support payments is a criminal process (GCR 1963, 727.4).

2. PROCESS—ORDER FOR ARREST—SERVICE.
   Statute and court rule prescribing the manner of service of civil process in contempt proceedings do not apply to arrest of a party in a divorce action on a writ of attachment for delinquency in making child support payments (CLS 1961, § 600.1968[4]; GCR 1963, 107.2, 727.3, 727.4).

3. SAME—ORDER FOR ARREST—SERVICE.
   Showing of writ of attachment for arrest to a party in a divorce action arrested for delinquency in child support payments, and service of a copy of the writ on him, *held*, not necessary to make arrest valid, so that resistance to the arrest is criminal (CL 1948, § 750.479).

Appeal from Alma; Corkin (Leo W.), J. Submitted Division 2 June 6, 1967, at Lansing. (Docket No. 2,668.) Decided December 5, 1967.

Ronald Foster Buchanan was charged with knowingly and wilfully obstructing, resisting, or opposing a deputy sheriff attempting to execute a bench war-

---

* Continued from Volume 8 Mich App.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arrest § 52 *et seq.*; 24 Am Jur 2d, Divorce and Separation § 862 *et seq.*
[3] 5 Am Jur 2d, Arrest § 91.

rant or writ of attachment for his arrest. Motion
to quash denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Jack T. Arnold,*
Prosecuting Attorney, for the people.

*Fortino, Plaxton & Moskal,* for defendant.

QUINN, J. Defendant was arrested on a charge
that he knowingly and wilfully obstructed, resisted
or opposed a deputy sheriff of Gratiot county while
the officer was attempting to execute a bench war-
rant or writ of attachment for defendant's arrest,
contrary to the provisions of CL 1948, § 750.479
(Stat Ann 1954 Rev § 28.747). Preliminary exam-
ination was had and defendant was bound over to
circuit court for trial. After the information was
filed, defendant moved to quash because the officer
did not have the writ of attachment in his possession
at the time of arrest, did not read it to defendant,
and did not serve a copy thereof on defendant, hence
the attempted arrest was unlawful and defendant
could legally resist it. This motion was denied and
defendant appeals.

The issue for decision is whether one may be
legally arrested on a writ of attachment issued in
a divorce action to enforce support payments for
minor children ordered in the judgment of divorce
without being shown the writ and served with a copy.

There is no dispute on the facts; they have been
stipulated as follows: defendant is the defendant
in a divorce action filed in Gratiot county in which
he was ordered to make support payments for minor
children. He is delinquent in such payments and
was so notified by the friend of the court for Gratiot
county, and he failed to respond to such notice.
Thereafter, the friend of the court petitioned for

and obtained the writ of attachment here involved. Defendant concedes all actions taken to obtain the writ were proper. (See GCR 1963, 727.3 and 727.4.) The writ was delivered to the sheriff for execution; the arresting officer knew the writ was in existence, although he did not have it in his possession at the time of arrest. At the time of defendant's apprehension, the officer said to him, "I am arresting you on a writ of attachment for failure to pay support money." Defendant attempted to run and a scuffle ensued which gave rise to these criminal proceedings.

Defendant contends that the writ involved is civil process, that PA 1961, No 236, § 1968(4) (CLS 1961, § 600.1968[4] [Stat Ann 1962 Rev § 27A.1968(4)]) and GCR 1963, 107(2) prescribe the manner of service, and that service in any other manner is unlawful and resistance thereto is not a violation of CL 1948, § 750.479, *supra.*

This argument falls because its basic premise is erroneous. The process involved is criminal in nature (see *Carnahan* v. *Carnahan* (1906), 143 Mich 390; *In re Wilkowski* (1935), 270 Mich 687), and the statute and rule relied on do not apply. We hold defendant's arrest was legal and the motion to quash was properly denied.

Affirmed.

LESINSKI, C. J., and BAUM, J., concurred.