## PEOPLE *v.* GIACALONE

1. CONTEMPT—GRAND JURY—REFUSAL TO ANSWER QUESTIONS—PEN-
   ALTY—EXPIRATION OF TERM.

   Expiration of the term of a grand jury is not a bar to a prosecu-
   tion for criminal contempt for refusal to answer questions put
   by the grand jury.

2. CONTEMPT—CRIMINAL CONTEMPT—GRAND JURY—REFUSAL TO AN-
   SWER QUESTIONS.

   Contempt proceedings brought to punish a witness before a one-
   man grand jury are criminal in nature.

3. CONTEMPT—CRIMINAL CONTEMPT—PENALTY—PARDON BY GOVERNOR
   —CONSTITUTION.

   Criminal contempt is an offense within the meaning of the con-
   stitutional provision which gives the governor power to grant
   reprieves, commutations, and pardons after conviction for all
   offenses (Const 1963, art 5, § 14).

4. CONTEMPT — CRIMINAL CONTEMPT — PENALTY — STATUTE —
   PURGE PROVISION — CONSTITUTIONAL LAW.

   The purge provision of the grand jury contempt statute, insofar
   as it relates to criminal contempt, is unconstitutional because
   it infringes upon the exclusive pardon and commutation power
   of the governor (CLS 1961, § 767.5; Const 1963, art 5, § 14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt §§ 76, 80.
[2] 17 Am Jur 2d, Contempt § 89.
[3] 17 Am Jur 2d, Contempt § 4.
   39 Am Jur, Pardon, Reprieve and Amnesty § 32.
[4] 17 Am Jur 2d, Contempt §§ 4, 9.
   39 Am Jur, Pardon, Reprieve and Amnesty § 32.
[5] 39 Am Jur, Pardon, Reprieve and Amnesty § 32.
   17 Am Jur 2d, Contempt §§ 4, 9, 89.
   50 Am Jur, Statutes § 474.

5. CONTEMPT — CRIMINAL CONTEMPT — STATUTE — PENALTY —
PURGE PROVISION — CONSTITUTIONAL LAW — SEVERABILITY OF
PROVISION.
    Unconstitutional purge provision permitting the judge to suspend
    execution of the sentence of one who was found guilty of crim-
    inal contempt for refusing to answer the questions of a one-man
    grand jury can be severed from a statute providing for pen-
    alties for refusal to appear before or answer questions of the
    grand jury, and the remainder of the statute can be given
    effect (CLS 1961, § 767.5; CL 1948, § 8.5).

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 June 7, 1968, at Detroit.
(Docket No. 3,974.)   Decided May 29, 1969.

Vito Giacalone was charged with contempt of a
grand jury. Defendant was tried by the court, and
the cause was dismissed. The people appeal. Re-
versed and remanded for new trial.

*Frank J. Kelley,* Attorney General, and *Robert C.
Goussy,* Assistant Attorney General, for the people.

*Lawrence A. Burns,* for defendant.

BEFORE: LEVIN, P. J., and R. B. BURNS and
DALTON,* JJ.

DALTON, J.   Pursuant to subpoena direction,
appellee on August 8, 1966, appeared before Judge
Edward S. Piggins, sitting as a one-man grand
juror. Certain questions were asked of him which
appellee refused to answer on advice of counsel.
The grand juror ordered appellee to answer the
questions and he continued to refuse to do so on ad-
vice of counsel, claiming constitutional privilege. At
that time certain other criminal prosecutions were

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

pending against appellee. There was no grant of immunity.

Because of his aforesaid conduct, a bench warrant was issued on August 23, 1966, by the grand juror charging appellee with criminal contempt under CLS 1961, § 767.5 (Stat Ann 1954 Rev § 28.945). On June 12, 1967, trial thereon was had before Judge Harry J. Dingeman, Jr., at which time the statutory term of the grand jury had expired. Before commencement of trial, appellee conditionally waived trial by jury if it was determined that the contempt, if any, was in fact criminal and not civil.

Relying upon *Shillitani* v. *United States* (1966), 384 US 364 (86 S Ct 1531, 16 L Ed 2d 622), Judge Dingeman dismissed the charges against appellee at the conclusion of the trial, stating in his opinion in part as follows:

"Now, in the *Shillitani* v. *United States* case, the sentence contained a purge provision and it was held that since that grand jury had expired and that provision of the sentence could no longer be effected, the petitioner should be released. Here I am asked to find this defendant guilty under a section of the statute that provides the purge provision and impose a sentence upon him which no longer can be purged.

"There is no more Piggins grand jury. As I have indicated, there were other contempt of court proceedings under which it would have been possible to pursue the defendant, but in my opinion there cannot be any pursuit at this time under this section. I cannot follow the statute and impose a sentence which provides for a purging if the defendant so desires and which cannot be done. It seems unnecessary to decide at this time whether or not the refusal of the defendant to answer the questions was contempt or not. That question is moot, in my opinion. I will dismiss the matter for these reasons, gentlemen."

The people claim the trial judge was in error in dismissing the charges because a prosecution for criminal contempt after expiration of the grand jury term is proper under the grand jury contempt statute.

Defendant claims that the contempt statute, with its self-contained right to purge, transforms all contempt proceedings brought under it into civil contempts, and the trial judge did not err in his ruling.

Subsequent to oral arguments, counsel were directed to submit supplemental briefs on the following question:

> In the light of the rule stated in *People* v. *Freleigh* (1952), 334 Mich 306, is the proviso to CLS 1961, § 767.5 (Stat Ann 1954 Rev § 28.945) constitutional; and, if not, is the proviso severable so that the remainder of that section is constitutional?

The people claim that criminal contempt is an offense within the meaning of the constitution and that the proviso is unconstitutional as an infringement upon the constitutional pardoning and commutation powers of the governor, but is severable.

Defendant claims that the contempt statute leaves no doubt that its entire purpose is to obtain testimony to further the investigation of the grand juror by inclusion of the proviso, that any contempt is therefore civil, not subject to the pardoning or commutation power of the governor, and that the statute is therefore constitutional and not severable.

CLS 1961, § 767.5 (Stat Ann 1954 Rev § 28.945) provides as follows:

> "Any witness neglecting or refusing to appear in response to such summons or to answer any questions which such judge may require as material to such inquiry, shall be deemed guilty of a contempt

and after a public hearing in open court and conviction of such contempt, shall be punished by a fine not exceeding $1,000.00 or imprisonment in the county jail not exceeding 1 year or both at the discretion of the court: Provided, That if such witness after being so sentenced shall offer to appear before such judge to purge himself of such contempt, the judge shall cause such witness to be brought before him and, after examination of such witness, the judge may in his discretion commute or suspend the further execution of such sentence."

The contempt statute makes provision for punishment for both civil and criminal contempt.

In fixing the maximum term of imprisonment for criminal contempt at one year, the legislature was well aware that the permissive life of a grand jury was six months unless extended for an additional six months. CLS 1961, § 767.4 (Stat Ann 1954 Rev § 28.944).

In its application to criminal contempt, the contempt statute is clear and unambiguous as is the intent of the legislature.

Expiration of the grand jury term is not a bar to a prosecution for criminal contempt for contumacious conduct occurring during the grand jury inquiry.

*Shillitani* dealt with civil contempt only and is not applicable to criminal contempt.

Const 1963, art 5, § 14, so far as applicable hereto, provides as follows:

"The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law."

It is conceded, and we agree, that the final clause of the above provision relates only to the methods

governing the exercise of the power and is not a limitation on the power itself.

Is criminal contempt an offense which may be pardoned or commuted by the governor?

Contempt proceedings brought to punish a witness before a one-man grand jury are criminal in nature. *In re Wilkowski* (1935), 270 Mich 687. See also, *In re Oliver* (1948) 333 US 257 (68 S Ct 499, 504, 92 L Ed 682, 690), n 13. But see *People* v. *Nowicki* (1969), 17 Mich App 525, regarding the distinction between civil and criminal contempt.

*State of Indiana* v. *Shumaker* (1928), 200 Ind 716 (164 NE 408, 63 ALR 218), to the contrary notwithstanding, the majority rule is that a governor may pardon for criminal contempt of court. See annotations collected in 23 ALR 524, 26 ALR 21, 38 ALR 171, and 63 ALR 226.

The pardoning power of the President under the Federal Constitution extends to criminal contempts of court. *Ex parte Grossman* (1925), 267 US 87 (45 S Ct 332, 69 L Ed 527) and *United States* v. *Goldman* (1928), 277 US 229 (48 S Ct 486, 72 L Ed 862).

In discussing whether or not criminal contempt was a crime in *Gompers* v. *United States* (1914), 233 US 604, 610 (34 S Ct 693, 58 L Ed 1115, 1120) the court said:

"These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech."

In view of the severity of the punishment provided for in the grand jury contempt statute, we must hold that criminal contempt is an offense within the meaning of the above constitutional provision.

"The Constitution by implication forbids the judiciary to commute a sentence. It does not enable the legislature to pass a law that will infringe upon the exclusive power of the governor to commute a sentence." *People* v. *Freleigh*, 334 Mich 306, 310, citing *People* v. *Fox*, 312 Mich 577 (168 ALR 703).

For these reasons, the purge proviso of the grand jury contempt statute insofar as it relates to criminal contempt is unconstitutional because it infringes upon the exclusive pardon and commutation power of the governor.

As to the severability of the purge proviso, the general rule is as set forth in CL 1948, § 8.5 (Stat Ann 1961 Rev § 2.216) as follows:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable."

For the aforesaid reasons, it hardly requires the recitation of authority to state that the remaining portion of the contempt statute can be given effect without the invalid portion, and such remaining portion is operable as applied to criminal contempt.

Defendant's claim that by so holding this court changes appellee's conduct, which was not criminal at the time committed, to criminal conduct *ex post facto* is without merit. The people proceeded before the trial judge on the theory of criminal contempt

and it was on this basis that jury trial was conditionally waived.

Reversed and remanded to the lower court for a new trial, including a determination of whether or not appellee is guilty of criminal contempt.

All concurred.