PEOPLE *v.* JOHNS

1. CONTEMPT—CRIMINAL CONTEMPT—STATUTE—PURGE PROVISION.
    Statute providing that one who refuses to answer questions of a one-man grand jury is guilty of contempt, but containing a limited purge provision, is a criminal statute (CLS 1961, § 767.5).

2. CONTEMPT—CRIMINAL CONTEMPT—STATUTE—PURGE PROVISION.
    Statute providing that one who refuses to answer questions of a one-man grand jury is guilty of criminal contempt, but containing a limited purge provision, is constitutional, but the purge provision is unconstitutional and must be severed from the statute (CLS 1961, § 767.5).

3. GRAND JURY—CREATION—SCOPE OF ORDER—BURDEN OF PERSUASION.
    The inquiry of a one-man grand jury is specifically limited to the terms of the order creating it, and the grand jury may not grant immunity to people for answering questions beyond the scope of the inquiry and such questions need not be answered, but the burden is on the person before the grand jury to show the immateriality of the questions.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 April 15, 1969, at Lansing. (Docket No. 4,334.)   Decided June 25, 1969.   Re-

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contempt §§ 6, 9, 30, 32, 37, 89, 90, 111.
[2] 17 Am Jur 2d, Contempt §§ 9, 37, 63.
[3] 38 Am Jur 2d, Grand Jury §§ 28, 37, 38.

hearing denied August 6, 1969. Leave to appeal granted October 24, 1969. See 382 Mich 790.

John Johns was convicted of contempt. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for the people.

*Philip A. Gillis* and *Frank N. MacLean,* for defendant.

Before: McGregor, P. J., and R. B. Burns and Danhof, JJ.

McGregor, P. J. Defendant appeals his conviction for contempt. CLS 1961, § 767.5 (Stat Ann 1954 Rev § 28.945). Relying on his privilege against self-incrimination, defendant refused to answer questions of a one-man grand jury. After being granted immunity under CLS 1961, § 767.6 (Stat Ann 1954 Rev § 28.946), defendant again refused to answer the questions. The attorney general obtained an order requiring defendant to show cause why he should not be cited for contempt. At the hearing the following dialogue occurred:

*"Mr. Koscinski (defendant's counsel):* Well, the only thing I wanted to say, your Honor please, was that this immunity is as broad as the privilege but the immunity is also limited by the statute. A grand juror cannot go beyond the statute, the limits of the inquiry as provided by statute, as was done here.

*"The Court:* I would agree with counsel as to any subsequent action with respect to action taken

after testimony was given. This reached that stage, however. I will find the defendant guilty of contempt."

On the last day of the grand jury, defendant was sentenced to one year in jail and a fine of $1,000 by the circuit court.

Two issues raised by defendant are clearly without merit. He contends that the contempt statute is both civil and unconstitutional. The statute is criminal, but with a limited purge provision. *People v. Joseph* (1968), 14 Mich App 494. Also, see *People* v. *Nowicki* (1969), 17 Mich App 525. The contempt portion of the statute is constitutional, while the purge provision is not. *People* v. *Giacalone* (1969), 17 Mich App 508. The purge provision is not involved in this case, as defendant was sentenced on the last day of the grand jury. Thus, defendant's arguments are untenable.

The third issue is whether the unanswered questions posed to defendant were beyond the scope of inquiry directed by the order creating the grand jury, and therefore, not covered by the grant of immunity.

Defendant contends that the questions asked were not material to the inquiry. He asserts that since the inquiry of a one-man grand jury is specifically limited to the terms of the order creating it, *People* v. *St. John* (1938), 284 Mich 24, questions not material to the inquiry need not be answered. Furthermore, defendant argues that immunity cannot be granted as to questions beyond the scope of the inquiry. Thus, defendant contends that he did not have to answer immaterial questions not within the immunity grant. Plaintiff points out that defendant never demonstrated how the questions were immaterial.

Since it is impractical to require the grand juror to establish the materiality of his questions, the burden is on defendant to show their immateriality. He has not done so. Furthermore, defendant was granted immunity for the particular questions asked. He did not answer. Without either his answers or a demonstration of immateriality, we will not speculate that the questions were immaterial or beyond the scope of the grand jury's inquiry. Defendant's failure to answer the questions was contempt. Thus, he was properly convicted.

Affirmed.

All concurred.