CITIZENS FOR LOGICAL ALTERNATIVES AND RESPONSIBLE
ENVIRONMENT v CLARE COUNTY BOARD OF COMMISSIONERS

Docket Nos. 164154, 164404. Submitted November 2, 1994, at Lansing.
Decided June 16, 1995, at 9:00 A.M.

The Citizens for Logical Alternatives and Responsible Environ-
ment, Inc., brought an action in the Clare Circuit Court against
the Clare County Board of Commissioners, seeking a declara-
tion whether Waste Management of Michigan, Inc., could de-
posit solid waste from Michigan counties other than the coun-
ties designated in Clare County's solid waste management plan
at a landfill operated by Waste Management under an opera-
tion agreement with Clare County. The Attorney General, on
relation of the Michigan Department of Natural Resources,
intervened as a plaintiff. When a change in the composition of
the board of commissioners resulted in a decision that the
county would not contest the case, Waste Management was
permitted to intervene as a defendant. The trial court, Kurt N.
Hansen, J., granted partial summary disposition for the county,
holding that §§ 13a and 30(2) of the Solid Waste Management
Act, MCL 299.413a, 299.430(2); MSA 13.29(13a), 13.29(30)(2),
insofar as they sought to control intercounty transfer of solid
waste, did not violate the Commerce Clause of the United
States Constitution, US Const, art 1, § 8. Waste Management
appealed. The court also entered an order granting declaratory
judgment and prohibiting Waste Management from disposing of
solid waste in Clare County in a manner inconsistent with the
operation agreement between it and the county, as limited by
the county solid waste management plan. Waste Management
appealed. The appeals were consolidated.

The Court of Appeals held:

1. The holding of the United States Supreme Court in *Fort
Gratiot Sanitary Landfill v Michigan Dep't of Natural Re-
sources,* 504 US 353; 112 S Ct 2019; 199 L Ed 2d 139 (1992),
that §§ 13a and 30(2), insofar as they sought to control inter-
state transfer of solid waste, violated the Commerce Clause did
not decide the question whether those sections were unconstitu-
tional when limited to intrastate, intercounty transfers. The
limitation on the interstate transfer of solid waste found in

those two sections can be severed from the similar limitation on the intercounty transfer of solid waste.

2. The legislative history does not support the assertion that the sole purpose of §§ 13a and 30(2) was to limit the importation of out-of-state solid waste.

3. Although a restriction on the intrastate transport of solid waste might result in the violation of the Commerce Clause if the intrastate restriction burdens or impedes the free flow of interstate commerce, there has been no showing that the restrictions on the intrastate, intercounty transfer of solid waste burdens interstate commerce.

4. The issue concerning the acceptance of waste generated in counties not identified in the Clare County solid waste plan has not been preserved for appellate review by reason of the failure to provide the Court of Appeals with an analysis of the issue.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *A. Michael Leffler, Mark Matus,* and *Sharon H. Whitmer,* Assistant Attorneys General, for Department of Natural Resources.

*Williams, Schaefer, Ruby & Williams, P.C.* (by *Thomas G. Plunkett* and *Lisa Symula-Nahikian*), for Clare County Board of Commissioners.

*Cooper, Fink & Zausmer, P.C.* (by *David H. Fink* and *Alan D. Wasserman*), for Waste Management of Michigan, Inc.

Amicus Curiae:

*Jaffe, Raitt, Heuer & Weiss, P.C.* (by *Arthur H. Siegal*), for National Solid Wastes Management Association.

*Varnum, Riddering, Schmidt & Howlett* (by *Richard W. Butler, Jr.*), for Kent County.

Before: GRIBBS, P.J., and McDONALD and S. D. BORMAN,* JJ.

PER CURIAM. In these consolidated appeals, appellant Waste Management of Michigan appeals as of right from an April 4, 1993, order granting defendant Clare County Board of Commissioners partial summary disposition and an April 17, 1993, declaratory judgment and order prohibiting Waste Management from disposing of solid waste in Clare County in a manner inconsistent with the development and operation agreement between it and the county. We affirm.

The pivotal issue to be decided is whether certain provisions of the Solid Waste Management Act (SWMA), MCL 299.401 *et seq.*; MSA 13.29(1) *et seq.*, which authorize Michigan counties to regulate the intrastate import and export of solid waste, violate the United States Constitution's dormant Commerce Clause, US Const, art 1, § 8. Waste Management claims that two recent cases, *C & A Carbone v Town of Clarkston,* 511 US —; 114 S Ct 1677; 128 L Ed 2d 399 (1994), and *Fort Gratiot Sanitary Landfill v Michigan Dep't of Natural Resources,* 504 US 353; 112 S Ct 2019; 119 L Ed 2d 139 (1992), require reversal of the trial court's determination that the statutory provisions and Clare County's updated solid waste management plan are constitutional. We disagree.

MCL 299.413a; MSA 13.29(13a) provides in part:

> A person shall not accept for disposal solid waste or municipal solid waste incinerator ash that is not generated in the county in which the disposal area is located unless the acceptance of solid waste or municipal solid waste incinerator ash that is not generated in the county is explic-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

itly authorized in the approved county solid waste management plan.

The second statute, MCL 299.430(2); MSA 13.29(30)(2) states:

> In order for a disposal area to serve the disposal needs of another county, state, or country, the service, including the disposal of municipal solid waste incinerator ash, must be explicitly authorized in the approved solid waste management plan of the receiving county. With regard to intercounty service within Michigan, the service must also be explicitly authorized in the exporting county's solid waste management plan.

In *Fort Gratiot, supra,* the United States Supreme Court held that the above waste restrictions violated the Commerce Clause as applied to the interstate transfer of nonhazardous wastes to privately owned and operated landfills where the state had not identified any reason, apart from origin, why solid waste coming from outside a county should be treated differently than solid waste coming from within the county. The question now to be decided is to what extent the provisions remain viable where applied exclusively to intrastate (intercounty) transfer of solid waste.

We reject Waste Management's position that *Fort Gratiot* invalidated all aspects of the statute's waste import restrictions, including intrastate restrictions. In describing the nature of the issue before it, the *Fort Gratiot* Court stated:

> Before discussing the rather narrow issue that is contested, it is appropriate to identify certain matters that are not in dispute. Michigan's comprehensive program of regulating the collection, transportation, and disposal of solid waste, as it was enacted in 1978 and administered prior to the

1988 Waste Import Restrictions, is not challenged. [504 US 358.]

The Court clearly expressed its intent to avoid interference with the state's waste disposal plan beyond that necessary to ensure the state's provisions do not violate the federal Commerce Clause. A thorough review of the pre-1988 statute indicates prior regulation of intercounty waste disposal. We, therefore, conclude *Fort Gratiot* invalidates, as unconstitutional per se, only those portions of the provisions that attempt to limit the interstate importation or exportation of solid waste. We must next determine whether the unconstitutional portions are severable from the remainder of the provisions.

MCL 8.5; MSA 2.216 provides in part:

> If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable.

We find the invalid language in § 30(2) easily severed by deleting the word "state" from the provision. The valid portion of the statute can be read and enforced independently of the invalid portion and remains reasonable in view of the act as originally drafted. *Pletz v Secretary of State,* 125 Mich App 335; 336 NW2d 789 (1983). Section 13a poses a more difficult problem with application of the doctrine of severability in its usual sense, the deletion of words or phrases. However, the provision may pass constitutional muster if "se-

vered" by limiting it to its valid application, i.e., to placing restrictions on the acceptance of inter-county but not interstate solid waste. This method of severability is expressly authorized by statute, see MCL 8.5; MSA 2.216, recognized in 2 Sutherland, Statutory Construction (5th ed), §§ 44.17 and 44.18, pp 544-547, and utilized by this Court, see *Davis v Dep't of Treasury (On Remand),* 179 Mich App 683; 446 NW2d 531 (1989); *People v Giacalone,* 17 Mich App 508; 170 NW2d 179 (1969).

Contrary to Waste Management's assertions, we do not believe the legislative history of § 13a and § 30(2) indicates the sections' sole purpose to be a "disguised" attempt to limit importation of out-of-state solid waste, such that severance of the provision results in an outcome inapposite to the Legislature's intent. To the contrary, we believe the legislative history of the SWMA, as originally enacted and later amended, reveals a continuous attempt to create a comprehensive plan for the disposal of solid waste at the local level. The severed provisions, when limited in application to intercounty waste regulation, still further this purpose.

We also reject Waste Management's argument that *Carbone, supra,* mandates the invalidation of § 13a and § 30(2). Waste Management is correct in asserting a statute dealing solely with the intra-state transport of waste may nonetheless violate the Commerce Clause. It is undisputed that state actions are within the domain of the Commerce Clause if they burden interstate commerce or impede its free flow. *Carbone, supra; Pike v Bruce Church, Inc,* 397 US 137; 90 S Ct 844; 25 L Ed 2d 174 (1970). Thus, the Court in *Carbone* found the ordinance at issue therein violative of the Commerce Clause because its economic effects were interstate in reach. The ordinance deprived out-of-

state businesses access to a local market. No similar interstate effect has been demonstrated in this case. Following the *Fort Gratiot* Court's invalidation of the interstate restrictions contained in § 13a and § 30(2), the statute neither prevents Waste Management from seeking out-of-state markets nor deprives out-of-state businesses from having access to this state's local markets. In fact, rather than burdening interstate commerce, the statute appears to now afford out-of-state businesses preferential access to local markets.

Finally, we decline to address Waste Management's issue concerning the acceptance of waste generated in counties not identified in the Clare County solid waste management plan. Although the issue is listed in the questions presented portion of the brief, no analysis of it appears elsewhere. *Knoke v East Jackson Public School Dist,* 201 Mich App 480; 506 NW2d 878 (1993). Moreover, we find the lower court's analysis of the issue accurate.

Affirmed.