*In re* HOFFMAN.

1. CRIMINAL LAW—HABITUAL CRIMINALS—SENTENCE.

Under the fourth offender statute the imposition of a sentence for the fourth felony is not mandatory, but credit on the sentence under the fourth offender statute for any time which has been served under the fourth felony sentence is permitted (CL 1948, § 769.13).

2. INDICTMENT AND INFORMATION—HABITUAL CRIMINALS—CONVICTION—SENTENCE.

Information under the fourth offender statute which alleged previous convictions on certain dates was not defective for failure to aver sentence for the fourth offense (CL 1948, § 769.13).

3. CRIMINAL LAW—HABITUAL CRIMINALS—SENTENCE.

The habitual criminal act does not make the imposition of sentence upon the previous convictions a prerequisite to the enhancement of punishment upon the fourth conviction (CL 1948, § 769.13).

4. SAME—CONVICTION—SENTENCE.

The conviction in a prosecution for crime is the finding of guilt and the sentence is not an element of the conviction but rather a declaration of its consequences.

5. INDICTMENT AND INFORMATION—WAIVER OF DEFECTS—HABEAS CORPUS.

One who pleads to an information without raising question as to

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 25 Am Jur, Habitual Criminals, §§ 36, 39.
[1-3] Constitutionality and construction of statute enhancing penalty for second or subsequent offense. 58 ALR 20; 82 ALR 345; 116 ALR 209; 132 ALR 91; 139 ALR 673.
[2] 25 Am Jur, Habitual Criminals, § 26.
[3] 25 Am Jur, Habitual Criminals, §§ 19, 25.
[4] 15 Am Jur, Criminal Law, §§ 443, 445.
[5] 25 Am Jur, Habeas Corpus, § 40 *et seq.*

it at the time of his jury trial as a fourth offender may not raise an issue upon writ of habeas corpus by which release was sought after sentence as an habitual criminal (CL 1948, § 769.13).

Habeas corpus with certiorari to Saginaw circuit judge by Von Hoffman, alias Darold Hoffman, alias James Hage, to obtain release from Michigan Branch Prison at Marquette. Submitted September 26, 1949. (Calendar No. 44,168.) Writ denied December 7, 1949.

*Martin L. Riser,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Henry E. Naegely, Jr.,* and *Thomas M. Burns,* Assistant Prosecuting Attorneys, for the people.

BUSHNELL, J. The petitioner was convicted by a jury on June 21, 1929, under the fourth offender statute. (CL 1929, § 17340 *et seq.* [Stat Ann § 28.-1084 *et seq.*] effective April 2, 1929). See, also, CL 1948, § 769.12 *et seq.* The information under which he was charged on May 10, 1929, alleged previous convictions on certain dates as follows: Unlawfully driving away an automobile without the owner's consent, August 16, 1921; the same offense, November 4, 1925; breaking and entering and larceny of property, March 22, 1926; assault with intent to commit great bodily harm less than the crime of murder, May 10, 1929.

When sentenced as a fourth offender the petitioner had not yet been sentenced for his fourth felony conviction. After some years' imprisonment petitioner moved to vacate the sentence, and his motion was denied on July 3, 1947.

As in his motion below, petitioner argues that his sentence under the fourth offender statute, *supra,* was illegal because, never having been sentenced for

his fourth felony, he has never been convicted of the required fourth offense. He also claims that the information was fatally defective in failing to allege the previous felonies in their statutory language.

The fourth offender statute requires upon conviction that the court "shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated if required." CL 1948, § 769.13 (Stat Ann § 28.1085). This language does not make mandatory the imposition of a sentence for the fourth felony, but only permits credit on the sentence under the fourth offender statute for any time which has been served under the fourth felony sentence.

The fourth offender statute, furthermore, uses the words "at any time after conviction and either before or after sentence." The information conforms to this statutory requirement and to our definition of the word "conviction." *Attorney General, ex rel. O'Hara,* v. *Montgomery,* 275 Mich 504, 514, and authorities therein cited.

"The statute does not make imposition of sentence upon the previous convictions a prerequisite to the enhancement of punishment upon the fourth conviction. The conviction is the finding of guilt. Sentence is not an element of the conviction but rather a declaration of its consequences." *People* v. *Funk,* 321 Mich 617, 621 (5 ALR2d 1077).

On the question of the language used in the information, petitioner, having pleaded thereto, waived any defects therein. This question could have been raised at the time of his jury trial as a fourth offender, and, not having been raised there, cannot be considered now. The writ of habeas corpus is denied.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.