PEOPLE *v.* FRELEIGH.

1. CRIMINAL LAW—COMMUTATION OF SENTENCE.

The power of pardon and commutation of sentence rests in the governor alone and any law which restricts such power is unconstitutional (Const 1908, art 6, § 9).

2. SAME—AMENDMENT OF PARTIALLY-EXECUTED VALID SENTENCE.

To permit a trial court to amend a valid sentence after the prisoner has served a part of it would infringe upon the exclusive power of the governor under the Constitution to commute a sentence (Const 1908, art 6, § 9).

3. SAME—COMMUTATION OF SENTENCE—COURTS—LEGISLATURE—GOVERNOR.

The Constitution by implication forbids the judiciary to commute a sentence and does not enable the legislature to pass a law that will infringe upon the exclusive power of the governor to commute a sentence (Const 1908, art 6, § 9).

Appeal from Recorder's Court of the City of Detroit; Murphy (George), J. Submitted June 12, 1952. (Docket No. 69, Calendar No. 45,359.) Decided September 3, 1952.

Fred Freleigh was convicted under the habitual criminal act. From order denying application to review sentence pursuant to PA 1951, No 159, amending the code of criminal procedure, because such amendatory act was unconstitutional, defendant appeals. Affirmed.

*James E. Haggerty, Harry Cohen,* and *William Bramson,* for appellant.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 39 Am Jur, Pardon, Reprieve, and Amnesty §§ 17, 34, 63, 65.

·· *Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Garfield Nichols* and *George W. Miller,* Assistant Prosecuting Attorneys, Appellate Division, for the people.

Butzel, J.　Fred Freleigh, defendant, was convicted of a felony, and on supplemental information charging him with being a second offender, he was found guilty and sentenced to serve a term of not less than 2 years, 4 months, 3 days to $7\frac{1}{2}$ years, the statutory maximum, with a recommendation of 1 year. Although the conviction was over 10 years ago, he has not fully served his sentence owing to the fact that he was released on parole for an interim period and later returned to custody for parole violation. He presented a petition for review on October 4, 1951, pursuant to CL 1948, § 769.14, as added by PA 1951, No 159 (Stat Ann 1951 Cum Supp § 28.1085[1]), which provides:

. . "Any person now incarcerated in any State prison, or on parole from · a sentence thereto, who was sentenced under the terms of sections 10, 11, 12 or 13 of this chapter as in effect prior to the effective date of Act No 56 of the Public Acts of 1949, shall be entitled to a review of sentence upon application to the court in which he was sentenced. Upon such application any judge of such court may vacate the previous sentence and impose any lesser sentence which in his judgment might have been imposed under sections 10, 11, 12 or 13 of this chapter, as amended by Act No 56 of the Public Acts of 1949, had such sections as amended been in force at the date of the previous sentence imposed upon said prisoner: Provided, That any sentence so imposed shall be deemed to have begun as of the date of the previous sentence, and the rights of such prisoner

under the laws shall be governed by the lesser sentence as then imposed."

The Hon. George Murphy, judge of the recorder's court for the city of Detroit, doubting the validity of Act No 159 and basing his decision on an opinion of the attorney general of the State of Michigan, held the act to be unconstitutional and denied appellant's petition. We allowed an appeal.

Article 6, § 9, of the Constitution of 1908 provides:

"He [the governor] may grant reprieves, commutations and pardons after convictions for all offenses, except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may think proper, subject to regulations provided by law relative to the manner of applying for pardons. Upon conviction for treason, he may suspend the execution of the sentence until the case shall be reported to the legislature at its next session, when the legislature shall either pardon or commute the sentence, direct the execution of the sentence or grant a further reprieve. He shall communicate to the legislature at each session information of each case of reprieve, commutation or pardon granted and the reasons therefor."

Article 5, § 28, of the Constitution of 1908 provides:

"The legislature may provide by law for indeterminate sentences, so called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences."

This latter section was added to the Constitution after this Court, in the absence of such a provision, had held the indeterminate sentence law unconstitutional.*

* See *People* v. *Cummings* (1891), 88 Mich 249 (14 LRA 285); Const 1850, art 4, § 47, as amended in 1902.—Reporter.

PA 1927, No 175, chap 9, §§ 10–13, being CL 1948, §§ 769.10–769.13 (Stat Ann §§ 28.1082–28.1085), provided for certain mandatory sentences to be imposed on criminals convicted of more than 1 felony. The statutes provided for sentencing on an indeterminate basis for second, third and fourth offenders.

PA 1949, No 56, amending CL 1948, §§ 769.10–769.13 (Stat Ann 1951 Cum Supp §§ 28.1082–28.1085) made new provisions for the sentencing of habitual criminals, giving the trial court in its discretion the power to impose less than the former mandatory sentence upon the offender.

Subsequently PA 1951, No 159, was passed by the legislature. Both parties concede that Act No 159, *supra*, is a legislative attempt to give PA 1949, No 56, retroactive effect upon sentences which were mandatory on the trial judge under the habitual criminal act prior to the effective date of Act No 56, *supra*, and under which prior act defendant was sentenced. Defendant, claiming Act No 159, *supra*, to be constitutional under article 5, § 28, *supra*, maintains that the legislature may provide for the release of persons imprisoned or detained on indeterminate sentence, Act No 159, *supra*, providing for such release. Defendant relies chiefly on *People* v. *Cook*, 147 Mich 127, and *In re Casella*, 313 Mich 393. The question in those cases was whether or not prisoners could be released on parole prior to the time they had served their maximum term. We only held that such release by parole was not a commutation of the sentence as such parolees remained under the surveillance of the prison authorities and upon violation of the parole would be returned to the prison to serve the balance of the sentences without any deduction of the time during which they had been released on parole. Defendant was so released until he violated the terms of his parole.

The power of pardon and commutation of sentence rests in the governor alone, article 6, § 9, *supra.* As stated in *Rich* v. *Chamberlain,* 104 Mich 436 (27 LRA 573), at 446, such "power is vested exclusively in the governor of the State, and any law which restricted this power would be unconstitutional and void."

In *People* v. *Fox,* 312 Mich 577 (168 ALR 703), we held at pp 581, 582:

"To hold with defendant under the circumstances of this case that the court has power to amend a sentence after the prisoner has served a part of it would infringe upon the exclusive power of the governor under the Constitution to commute sentence."

The Constitution by implication forbids the judiciary to commute a sentence. It does not enable the legislature to pass a law that will infringe upon the exclusive power of the governor to commute a sentence.

The trial judge was correct in denying defendant's petition and the order of denial is affirmed.

DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.