PEOPLE v ERWIN

Docket No. 174062. Submitted March 14, 1995, at Lansing. Decided
July 7, 1995, at 9:40 A.M.

Bette J. Erwin was bound over by the 45-A District Court for
trial in the Oakland Circuit Court on a charge of operating a
motor vehicle while under the influence of liquor, third offense.
The defendant's first conviction of OUIL had occurred in the
47th District Court; the second in the 48th District court. The
defendant successfully moved in the 47th District Court to set
aside her plea of guilty of OUIL, first offense. The circuit court
then remanded to the 45-A District Court the case in which the
defendant was bound over, ruling that the charge had to be
reduced to OUIL, second offense, in light of the setting aside of
the OUIL, first offense, conviction. The defendant then moved in
the 48th District Court to set aside her conviction of OUIL,
second offense, on the ground that the first-offense conviction
had been vacated. The 48th District Court agreed and set aside
the OUIL, second offense, conviction. The defendant subse-
quently pleaded guilty in the 48th District Court to an
amended charge of OUIL, first offense, and was sentenced to
probation with jail time, but with credit for jail time served
under the sentence previously imposed by the 48th District
Court. The defendant pleaded guilty in the 45-A District Court
of OUIL, second offense, and of operating a motor vehicle while
her license was suspended or revoked. The 45-A District Court
sentenced the defendant as a second offender to one year in
jail, to be served consecutively to any other jail term then
being served, and ordered her to pay a fine. In an appeal by the
defendant from the judgment of the 45-A District Court, the
circuit court, Fred M. Mester, J., remanded the matter to the
45-A District Court for resentencing, ruling that the defendant
must be sentenced as a first offender because the present

R<span>EFERENCES</span>

Am Jur 2d, Automobiles and Highway Traffic § 361, 388; Constitu-
tional Law § 357; Criminal Law §§ 582, 1024; Pardon and Parole
§§ 31, 38.

See ALR Index under Delegation of Powers; Driving While Intoxi-
cated; Commutation of Sentence; Conviction; Judgments, Orders,
and Decrees; Parole, Probation, and Pardon.

offense occurred before defendant was convicted of the amended charge in the 48th District court and that any jail time imposed be concurrent with any other term then being served. The prosecution appealed by leave granted.

The Court of Appeals *held:*

The defendant's original conviction in the 48th District Court may serve as the basis for the enhancement of the charge in the 45-A District Court to OUIL, second offense. The 48th District Court exceeded its authority under the constitution in vacating that original conviction instead of reducing it to OUIL, first offense, and resentencing the defendant as a first offender.

Reversed and remanded to the circuit court for other sentencing issues not addressed by the Court of Appeals.

1. CONSTITUTIONAL LAW — SEPARATION OF POWERS — COURTS — GOVERNOR — CRIMINAL LAW — POSTSENTENCING RELIEF.

    Once a defendant has started serving a sentence, the sentencing court may not set aside the conviction or grant a resentencing where such action would violate the constitutional principle of separation of powers by infringing on the Governor's exclusive powers of commutation and pardon (Const 1963, art 3, § 2, art 5, § 14).

2. CRIMINAL LAW — OPERATING A MOTOR VEHICLE WHILE UNDER INFLUENCE OF INTOXICATING LIQUOR — RECIDIVIST PROSECUTIONS.

    A recidivist prosecution under § 625 of the Vehicle Code governing the operation of a motor vehicle while under the influence of intoxicating liquor, once commenced, may be amended to substitute different predicate offenses without being in violation of any constitutional provision; in such a prosecution, the order in which the prior convictions were obtained is of no particular importance (MCL 257.625; MSA 9.2325).

3. CRIMINAL LAW — "CONVICTION" — "JUDGMENT".

    There is a distinction between a "conviction" and a "judgment," the former being the finding of guilt in a criminal proceeding and the latter being the action of the court in declaring the consequences of the conviction.

4. CRIMINAL LAW — SENTENCING AUTHORITY — TRIAL COURTS.

    The sentencing authority of the trial court exists by delegation of the legislative authority.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Pros-

ecuting Attorney, and *Marilyn J. Day,* Assistant Prosecuting Attorney, for the people.

*Ronald A. Pentz,* for the defendant.

Before: GRIBBS, P.J., and HOLBROOK, JR., and MARKMAN, JJ.

MARKMAN, J. By leave granted, the Oakland County Prosecutor appeals the decision of the Oakland Circuit Court that, following defendant's plea of guilty in the 45-A District Court, defendant is to be sentenced as a first-time offender under § 625 of the Vehicle Code, MCL 257.625; MSA 9.2325, governing the operation of a motor vehicle while under the influence of intoxicating liquors (OUIL).

The present OUIL offense (case III), the one directly under consideration, was committed in June 1992. At the time of defendant's arrest, she had two prior convictions of OUIL, one on May 24, 1989, in the 47th District Court (case I), and one on February 13, 1992, in the 48th District Court of OUIL, second offense (case II).

Originally, defendant was bound over to the circuit court on a felony charge of OUIL, third offense, in the present case. However, defendant's trial counsel, proceeding with dispatch, moved to set aside the plea of guilty of OUIL, first offense, entered in case I on May 24, 1989, in the 47th District Court, on grounds that the factual basis for the plea was inadequate. The 47th District Court agreed, set aside the plea, and the case has been adjourned indefinitely.[1]

---

[1] The prosecutor has opted not to contest the propriety of this action. The original 47th District Court conviction in case I was predicated on a city ordinance, as permitted by § 625(5) of the Vehicle Code, so that only the city attorney, not the prosecutor, was notified of defendant's motion for relief from judgment. Although not properly

On the basis of that ruling, the circuit court concluded that the charges in the present case would, of necessity, have to be reduced to OUIL, second offense, a crime over which the circuit court lacks jurisdiction. The cause was accordingly remanded to the 45-A District Court for trial.

Again, however, before those charges reached the dispositional stage, defense counsel moved in the 48th District Court to set aside defendant's February 13, 1992, plea of guilty of OUIL, second offense, in case II on grounds that the original first offense conviction had been vacated by the 47th District Court. The 48th District Court agreed. However, instead of simply reducing defendant's conviction to OUIL, first offense, and resentencing defendant, *People v Ellis,* 174 Mich App 139, 147; 436 NW2d 383 (1988), the 48th District Court on February 18, 1993, set aside defendant's conviction.

On May 20, 1993, in case II, defendant pleaded guilty to an amended charge of OUIL, first offense, and was sentenced to two years' probation, with credit for time served on the original sentence for the incarceration portion of the probationary term. See MCL 769.11a; MSA 28.1083(1).

On June 22, 1993, defendant pleaded guilty[2] in

a party to the prosecution at the trial court level, the county prosecutor would seem to be a proper party in this situation to appeal the decision vacating defendant's original conviction. *In re Quality of Service Standards,* 204 Mich App 607; 516 NW2d 142 (1994); *Kocenda v Archdiocese of Detroit,* 204 Mich App 659; 516 NW2d 132 (1994).

The Legislature may wish to consider requiring by statute that notice be given to prosecutors in situations such as that which occurred in this case. This problem is common to misdemeanors for which prosecution is on the basis of ordinance but where such misdemeanors may potentially form the predicates for later enhanced level felony offenses. This same problem would not arise in the habitual offender context where the predicate offenses themselves are felonies in which notice would routinely be given to prosecutors.

[2] Given the guilty plea, defendant admitted factual (if not legal) guilt, obviating the necessity for further proof of any elements of the

the present case in the 45-A District Court of OUIL, second offense, and of operating a motor vehicle with a suspended or revoked license, a violation of § 904 of the Vehicle Code, MCL 257.904; MSA 9.2604. The factual basis for the "second offense" part of the conviction was defendant's original February 13, 1992, conviction in 48th District Court in case II. At the time of the plea, the 45-A District Court acknowledged that the prior plea-based conviction had been set aside but it also noted that the conviction for the underlying offense had been reinstated by defendant's subsequent plea.

Proceeding accordingly, the 45-A District Court on September 22, 1993, sentenced defendant in the present case, as a second offender, to one year in jail, to be served consecutively to any other jail term currently being served, and imposed a fine of $2,000.

Defendant appealed to the circuit court, which ruled that defendant must be resentenced as a first offender and that the sentence imposed should be made concurrent. The case is now before this Court for plenary consideration.

Section 625 of the Vehicle Code imposes increased penalties for repeat offenses, augmenting a basic misdemeanor punishable by ninety days' incarceration, a fine of up to $500, or both to a penalty of one year of incarceration for a second offense, and finally to a felony punishable by up to five years' imprisonment for a third or subsequent offense. The Michigan Supreme Court has held that a fourth or subsequent offender under the drunken driving laws may be charged as an habit-

crime. *People v New,* 427 Mich 482, 494; 398 NW2d 358 (1986). This accordingly makes it unnecessary for us to apply the decisions in *People v Fish (On Remand),* 207 Mich App 486; 525 NW2d 467 (1994), or *People v Weatherholt,* 209 Mich App 801 (1995).

ual offender under the general recidivist laws, MCL 769.10 *et seq.*; MSA 28.1082 *et seq.*, and the possibility of five years' incarceration for a third offense may thereby be increased further in accordance with the statutory multiplying factors, *People v Bewersdorf,* 438 Mich 55; 475 NW2d 231 (1991), ultimately up to possible life imprisonment, MCL 769.12; MSA 28.1084.

Defendant, in essence, asks this Court to place its imprimatur on, or recognize for collateral purposes, what amounts to a time shift of her 48th District Court conviction in case II. Originally, that case II conviction predated her present offense. However, postconviction, postsentencing revision achieved by her counsel[3] facially appears to have established a new case II conviction date that is *after* the present offense occurred.

Defendant thus contends that for purposes of the second-offender provisions of § 625 of the Vehicle Code, the present offense did not occur "within seven years of a *prior* conviction." Ordinarily, a conviction may not be used for enhancement purposes unless the date of conviction precedes the date of the subsequent offense. *People v Johnson,* 86 Mich App 77, 79-80; 272 NW2d 200 (1978); *People v Smith,* 90 Mich App 572, 574; 282 NW2d 399 (1979), vacated on other grounds 407 Mich 906 (1979).

It is critical to bear in mind, however, that there is a distinction between "conviction" and "judgment." In *Attorney General ex rel O'Hara v Montgomery,* 275 Mich 504, 514; 267 NW 550 (1936), for purposes of a statute barring from public office any person convicted of a felony, the court held that a

---

[3] We feel constrained to recognize that defense counsel has displayed unusual energy in his representation of defendant. While we have declined to crown his plan with success, we observe nevertheless that he has carried out his professional obligations at the highest level. See MRPC 1.1, 1.3, and particularly 3.1.

"conviction," once originally rendered, effects removal of the officer, notwithstanding that a new trial is subsequently granted:

> It is claimed relator was not convicted of an infamous crime; that to have been convicted there must have been a judgment of the trial court. The judgment of the trial court in a criminal case is the sentence. There is a difference in the language of the removal statute and the vacancy statute,— the one providing for a certified copy of the judgment of a court of record; the other only for conviction of an infamous crime.
>
> "The conviction is the finding of guilt. 1 Bishop Crim Law, § 963 . . . . As is said by Gray, J., in *Commonwealth v Lockwood* [109 Mass 323; 12 Am Rep 699 (1872)],—
>
> " 'The ordinary legal meaning of "conviction" when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while "judgment" or "sentence" is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained.'
>
> "It is the declaration of consequences, only, that is bad; but there is no reversal, the conviction stands as evidence of the fact, and the statute is satisfied." *People v Adams,* 95 Mich 541 [55 NW 461 (1893)]."

The *Montgomery* case is consistent with the notion that the OUIL recidivist statute may be invoked, even if there has never been a judgment of sentence imposed on the conviction. The conviction itself suffices, without entry of final judgment. *In re Hoffman,* 326 Mich 368; 40 NW2d 187 (1949); *People v Funk,* 321 Mich 617; 33 NW2d 95; 5 ALR2d 1077 (1948).

The importance of this distinction is that, had the district court in case II reduced the plea-based conviction to OUIL, first offense, and thereafter resentenced defendant as a first offender, the conviction date would remain the date she originally tendered her plea in case II. Subsequent amendment of the conviction would not alter the conviction date, which was, and would have remained pursuant to *Montgomery,* the date of plea or verdict. The date of sentencing or resentencing is not determinative. The key point is that a conviction of the greater offense necessarily establishes guilt of a lesser included version of the same offense, *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), and the proper *judicial* remedy is to reduce the conviction to the appropriate degree, unless the prosecutor, exercising *executive* discretion, *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974), elects instead to retry on the original offense. *People v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975).

Accordingly, a preeminent concern in the present case is the action of the 48th District Court in effecting relief consequent upon the action of the 47th District Court in case I. In lieu of simply reducing defendant's plea-based conviction to one of OUIL, first offense, in accordance with *People v Ellis, supra,* the court vacated defendant's conviction. That action was not merely erroneous—being unappealed, it would be entitled to preclusive effect, *People v Mann,* 89 Mich App 511; 280 NW2d 577 (1979)[4] —but also in excess of the

[4] We emphasize that our discussion here of constitutional concerns is necessitated by the posture in which the case comes to us. The collateral rulings of the district courts in cases I and II are not before us on direct review, so mere errors in the exercise of jurisdiction, even if apparent on the face of the record, would provide no basis for collateral relief in the present case. *Buczkowski v Buczkowski,* 351 Mich 216, 222; 88 NW2d 416 (1958).

court's jurisdiction under the constitution and hence subject to collateral attack on the ground of a jurisdictional defect of constitutional magnitude. *People v Carpentier,* 446 Mich 19; 521 NW2d 195 (1994).

Once, as occurred with respect to defendant's plea to the charge of OUIL, second offense, in case II in the 48th District Court, sentence has been imposed and defendant has commenced serving the sentence—let alone, as here, completed service of the incarceration portion of the sentence imposed—the court may set aside a conviction or grant a resentencing only for legally cognizable reasons. Any action in excess of that authority violates the principle of separation of powers, Const 1963, art 3, § 2, by infringing on the Governor's exclusive powers of commutation and pardon. Const 1963, art 5, § 14; *People v Freleigh,* 334 Mich 306; 54 NW2d 599 (1952); *In re Dana Jenkins,* 438 Mich 364; 475 NW2d 279 (1991).

The sentencing authority of the trial courts exists by delegation of legislative authority. *In re Callahan,* 348 Mich 77, 80; 81 NW2d 669 (1957). Even the Legislature has only limited authority to modify sentences already imposed; the Legislature may not, for example, in amending the habitual offender laws so as to change the enhancement from mandatory to discretionary, extend that change retroactively. *People v Freleigh, supra.* Only pursuant to specific grants of authority in the constitution, which are recognized as exceptions to separation-of-powers principles by Const 1963, art 3, § 2 itself, may the Legislature affect existing sentences. *Oakland Co Prosecuting Attorney v Dep't of Corrections,* 411 Mich 183, 194-195; 305 NW2d 515 (1981). There are no similar exceptions in Article 6, the judicial article.

Given these limitations, judicial actions that are

the functional equivalent of a pardon or commutation are prohibited and the broad discretion reposed in the judiciary with regard to granting new trials will not be construed to permit "total forgiveness." *People v Leonard,* 144 Mich App 492, 495; 375 NW2d 745 (1985); *People v Monday,* 70 Mich App 518, 522; 245 NW2d 811 (1976). And what the judiciary may not accomplish directly it may not attempt by indirection, either; for example, a trial court may not grant a new trial as a means of expunging a conviction "in the interests of justice," where the expunction statute, MCL 780.621; MSA 28.1274(101), does not apply. *People v Yono,* 103 Mich App 304, 308-309; 303 NW2d 4 (1980); *People v Upshaw,* 91 Mich App 492, 494; 283 NW2d 778 (1979); *People v Williams,* 65 Mich App 531; 237 NW2d 545 (1975).

Under the circumstances of this case, the vacation of defendant's original conviction in the 47th District Court may, in any event, have had a domino-like effect on the later cases but that effect has been magnified by the action of the 48th District Court in purporting to vacate the conviction in case II. The effect of vacation in case I was not to invalidate defendant's second conviction in the 48th District Court but merely to reduce the gravity of the conviction from one of second offense to one of first offense and to require appropriate resentencing.

To the extent that the 48th District Court purported to give defendant more relief than was required, it exceeded its authority under the constitution and its order is accordingly valid only to the extent that it had jurisdiction to act. *Greenvault v Farmers & Mechanics' Bank,* 2 Doug 498 (Mich, 1847). A tribunal's lack of jurisdiction may be raised at any time. *Attorney General ex rel O'Hara v Montgomery, supra.* Courts are bound to take notice of the limits of their authority and a

court should, on its own motion, although the question is not raised by either party, recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise. *Fox v Bd of Regents of the Univ of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965).

This Court is not bound to treat defendant's original 48th District Court conviction as a nullity merely because defendant was—by hypothesis—improperly convicted as a second offender, where the conviction was otherwise perfectly valid as at least a first offense. See *People v Wilkens,* 139 Mich App 778, 784-785; 362 NW2d 862 (1984); see also *People v Hatfield (On Remand),* 182 Mich App 384; 451 NW2d 634 (1990). Defendant's original 48th District Court conviction, whether for a first or second offense, may therefore properly be utilized as a predicate conviction for purposes of invoking the recidivist provisions of § 625 of the Vehicle Code. This, notwithstanding that, after the present offense was committed, an adjustment of the sentence for a prior conviction was necessitated.

This conclusion is consistent with the notion that, as a general proposition, a recidivist prosecution, once commenced, may be amended to substitute different predicate offenses without running afoul of any constitutional prohibition. *Lockhart v Nelson,* 488 US 33; 109 S Ct 285; 102 L Ed 2d 265 (1988). Additionally, the order in which prior convictions are obtained is of no particular importance. *People v Stewart,* 441 Mich 89; 490 NW2d 327 (1992). And completion of service of sentences for previous offenses is not a prerequisite to habitual offender enhancement. *People v Jones,* 171 Mich App 720; 431 NW2d 204 (1988).

OUIL offenses are exceptional inasmuch as the Legislature has provided for augmented punishment of a simple misdemeanor for repeat offenders

up to and including felony treatment.[5] It is therefore of special importance that courts follow regular procedures in accepting misdemeanor pleas to these offenses and carefully consider the potential consequences of such pleas for subsequent felony offenses.

The Supreme Court has recognized that collateral attacks on plea-based district court convictions of defendants represented by counsel must surmount a high threshold before judicial relief will be considered. *People v Ingram,* 439 Mich 288, 295 ff; 484 NW2d 241 (1992). Long delayed direct attacks, being deemed collateral, *id.* at 291, n 1, as here occurred in the 48th District Court, can fare no better. *Id.* at 302, n 10; *In re Dana Jenkins, supra.*

The decision of the Oakland Circuit Court in this case is reversed with respect to the issue of the validity of defendant's sentence as a second OUIL offender. The cause is remanded to Oakland Circuit Court for the purpose of addressing, in light of this determination, any other sentencing issues that have not been briefed in this Court and on which this Court expresses no opinion.

Reversed and remanded, we do not retain jurisdiction.

---

[5] Several other offenses have been similarly structured, e.g. retail fraud, MCL 750.356c and 750.356d; MSA 28.588(3) and 28.588(4), and stalking, MCL 750.411h and 750.411i; MSA 28.643(8) and 28.643(9). Our rationale for deciding this case would apply to all such graduated schemes of sentencing equally.