*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMITRICE DESHAWN VANN,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2019

No. 338742
Oakland Circuit Court
LC No. 2010-234339-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DAMITRICE DESHAWN VANN,

        Defendant-Appellee.

No. 344432
Oakland Circuit Court
LC No. 2010-234339-FC

---

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In 2011, a jury convicted defendant of armed robbery, MCL 750.529; carjacking, MCL 750.529a; larceny of a firearm, MCL 750.357b; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In March 2011, the trial court sentenced defendant to 22 years and 9 months to 60 years' imprisonment for armed robbery and carjacking, 4 to 20 years' imprisonment for larceny of a firearm, and a consecutive 2 years' imprisonment for felony-firearm. Defendant appealed as of right, and this Court affirmed defendant's convictions. *People v Vann*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2012 (Docket No. 304041).

Currently, in Docket No. 338742, defendant attempts a second appeal of right following the trial court's reissuance of defendant's judgment of sentence pursuant to MCR 6.428. In

Docket No. 344432, the prosecutor appeals by leave granted the trial court's order granting defendant a new trial on ineffective assistance grounds. For the reasons explained in this opinion, in Docket No. 338742, we dismiss defendant's appeal for lack of jurisdiction, and in Docket No. 344432, we vacate the order granting a new trial because the trial court failed to consider defendant's motion under MCR 6.500 *et seq.*, which, for the reasons set forth, was the only jurisdictional basis on which relief could be granted.

The basis of defendant's appeal of right in Docket No. 338742 is a reissued judgment of sentence dated May 2017, which the trial court entered under MCR 6.428. The new judgment of sentence did not alter defendant's sentences; instead, the reissued judgment was intended to restart the time in which to file an appeal of right, effectively affording defendant a second appeal of right. The parties stipulated to the entry of this order based on misconduct of the attorney who represented defendant during his previous appeal.[1] However, the trial court and the parties clearly erred by relying on MCR 6.428, which is inapplicable in this case, and defendant is not entitled to an appeal of right from the unauthorized and invalid attempt to reissue defendant's judgment of sentence. In particular, MCR 6.428 states:

> If the defendant did not appeal within the time allowed by MCR 7.204(A)(2) and demonstrates that the attorney or attorneys retained or appointed to represent the defendant on direct appeal from the judgment either disregarded the defendant's instruction to perfect a timely appeal of right, or otherwise failed to provide effective assistance, and, but for counsel's deficient performance, the defendant would have perfected a timely appeal of right, the trial court shall issue an order restarting the time in which to file an appeal of right.

"[B]y its plain terms, MCR 6.428 applies *only* '[i]f the defendant did *not* appeal within the time allowed by MCR 7.204(A)(2),' and the rule is otherwise directed *exclusively* at perfecting a timely appeal of right." *People v Ray*, 488 Mich 887 (2010) (emphasis added). In other words, MCR 6.428 does not apply every time appellate counsel is ineffective; rather, the ineffectiveness of counsel must have prevented defendant from perfecting a timely appeal of right. See MCR 6.428 (stating that one of the requirements is that "but for counsel's deficient performance, the defendant would have perfected a timely appeal of right"). Notwithstanding any misconduct or impropriety by defendant's previous appellate counsel, defendant perfected a timely appeal of right in 2011, which was heard and decided by this Court. See MCR 7.204(A)(2)(a); MCR 6.425(G)(1)(e); *Ray*, 488 Mich at 887; *Vann*, unpub op at 1. Accordingly, defendant was not entitled to an order under MCR 6.428 to reset the appellate clock for a second appeal of right before this Court.

---

[1] The stipulation related to defendant's appellate attorney, Robert Slameka, who was about to begin a term of suspension from the practice of law, forging papers in the name of another attorney, who did not know defendant, did not represent him, and knew nothing of the situation, in order to make it appear that the other attorney had handled the appeal.

Although in the trial court the prosecutor stipulated to the applicability of MCR 6.428, the parties cannot stipulate to the law, *People v Metamora Water Serv, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007), and we are not bound by the prosecutor's concessions, *People v Perry*, 317 Mich App 589, 601; 895 NW2d 216 (2016). Indeed, the inapplicability of MCR 6.428 has jurisdictional implications in this case insofar as the trial court's attempt to reissue defendant's judgment of sentence under MCR 6.428 is clearly invalid, and defendant cannot take a second appeal from his original judgment of sentence, MCR 7.205(G)(2), meaning that there is no basis for defendant's appeal to this Court under MCR 7.203. Stated differently, this Court lacks jurisdiction over an appeal arising from a trial court's improper attempt to reissue a judgment of sentence. "Courts are bound to take notice of the limits of their authority and a court should, on its own motion, although the question is not raised by either party, recognize its lack of jurisdiction or any pertinent boundaries on its proper exercise." *People v Erwin*, 212 Mich App 55, 64-65; 536 NW2d 818 (1995). Given the obvious inapplicability of MCR 6.428, in Docket No. 338742, we dismiss for lack of jurisdiction defendant's improper attempt at a second appeal of right.

Given the procedural posture of this case, we also vacate the trial court's order granting defendant a new trial in Docket No. 344432. At this juncture, defendant's avenue for relief is the postjudgment relief available under MCR 6.500 *et seq.*[2] See MCR 6.431(A)(4); MCR 6.501. Accordingly, the trial court erred by granting defendant's motion for a new trial without considering the standards in MCR 6.500 *et seq*. See *People v Kincade (On Remand)*, 206 Mich App 477, 482; 522 NW2d 880 (1994) ("Defendant's postappeal motions for a new trial . . . were reviewable only as motions for relief from judgment pursuant to MCR 6.501 *et seq*."); see also MCL 770.2(4) (requiring a showing of "good cause" for an untimely motion for a new trial). Our decision to vacate the trial court's order granting defendant a new trial is without prejudice to defendant's ability to seek relief under MCR 6.500 *et seq*., as to prior trial or appellate counsel. See *People v Provience*, 477 Mich 882 (2006).

---

[2] Whether defendant is entitled to relief from judgment under MCR 6.500 is a separate question from whether he is entitled to an order restarting the time for appeal under MCR 6.428. See *People v Small*, 500 Mich 853 (2016). In seeking relief from judgment, defendant could of course raise the issue of previous counsel's misconduct and argue that counsel provided ineffective assistance of appellate counsel, see *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995); but without more, disciplinary misconduct by counsel—which did *not* deprive defendant of his appeal of right—is not grounds for an order resetting the time for an appeal under MCR 6.428, see *Ray*, 488 Mich at 887; *People v Pubrat*, 451 Mich 589, 596; 548 NW2d 595 (1996) (representation by a suspended attorney does not per se constitute ineffective assistance of counsel). Moreover, to the extent defendant ultimately may succeed in demonstrating ineffective assistance of appellate counsel in his appeal which culminated in this Court's judgment in his direct appeal in 2012, the remedy would not be a new appeal of right, but the vacating of this Court's previous judgment and then affording defendant the opportunity to pursue that appeal with constitutionally adequate counsel.

In Docket No. 338742, we dismiss defendant's appeal for lack of jurisdiction, and in Docket No. 344432, we vacate the order granting a new trial.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly