PEOPLE *v.* LANG.

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—DISCRETION OF
   COURT.
   Withdrawal of a plea of guilty after sentence has been imposed
   on a convicted criminal defendant rests in the discretion of
   the trial court.

2. SAME—PLEA OF GUILTY—WITHDRAWAL.
   Trial court's refusal to permit withdrawal of plea of guilty by
   defendant to charge of felonious assault *held,* not an abuse
   of discretion where defendant was 39 years of age at time
   of entry of plea, and his previous felony convictions and his
   answers on examination by trial judge indicated he was aware
   of consequence of his plea and nature of the accusation and
   that his plea was freely and understandingly made (CL 1948,
   § 750.82; GCR 1963, 785.3).

Appeal from the Court of Appeals, Division 3,
Lesinski, C. J., and J. H. Gillis and Levin, JJ., deny-
ing leave for delayed appeal from Clinton, Corkin
(Leo W.), J. Submitted May 7, 1968. (Calendar No.
8, Docket No. 51,795–1/2.)   Decided November 11,
1968.

John Alexander Lang was convicted on plea of
guilty of felonious assault.  Leave for delayed ap-
peal denied by Court of Appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *George E. Mason*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 506.
[2] 21 Am Jur 2d, Criminal Law §§ 504, 505,

and *Stewart H. Freeman,* Assistant Attorneys General, for the people.

*John Alexander Lang, in propria persona.*

KELLY, J. On February 14, 1966, defendant, represented by his court-appointed counsel, was arraigned in the Clinton county circuit court on a charge of felonious assault.*

The reading of the information was waived and defendant's attorney informed the court of defendant's intention to stand mute. A plea of not guilty was entered.

February 23, 1966, in the Clinton county circuit court, defendant, through his attorney, informed the court of his desire to change his plea of not guilty to a plea of guilty.

There follows the questions the court asked and the answers defendant gave previous to the court's acceptance of such plea:

*"The Court:* * * * Do you have any questions concerning the charge that has been made against you, Mr. Lang?

*"Mr. Lang:* No, sir.

*"The Court:* You fully understand the nature of the charge and what it means.

*"Mr. Lang:* Yes, sir.

*"The Court:* You understand that you have been charged with the crime of felonious assault, but without intending to commit the crime of murder and without intending to inflict great bodily harm.

*"Mr. Lang:* Yes, sir.

*"The Court:* I don't recall if I have already gone through this with you, but we will go through it again. First of all I might say, you understand that

---

* CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).—REPORTER.

you don't have to say anything at this time if you don't want to.

"*Mr. Lang:* Yes, sir.

"*The Court:* Now there are three possible pleas that you may enter. You may plead guilty if you think you did that which is set forth in the information, charging you with this crime.

"If you think that you did not do it, then you would plead not guilty or you may stand mute, that is say nothing, and in which case the court would cause a plea of not guilty to be entered for you. I believe you have already at one hearing stood mute, is that correct?

"*Mr. Lang:* Yes.

"*The Court:* And I entered a plea of not guilty. Now I understand that today you wish to change your plea. Is that correct?

"*Mr. Lang:* Yes, sir.

"*The Court:* Now you know that if you plead not guilty or stand mute you would be entitled to a trial by either a jury or by this court, at your election? If you plead guilty, and your plea is accepted by the court, it would be the court's duty to sentence you at a later date. I will also tell you that the maximum consequence of a plea of guilty or a conviction after trial, would be imprisonment for a term of up to four years. The minimum penalty is discretionary with the court, and the offense charged is subject to the probation law. That does not mean that you would necessarily be placed on probation, but merely that the court could place you on probation if it deemed it advisable.

"How do you wish to plead?

"*Mr. Lang:* Guilty, Your Honor.

"*The Court:* Do you plead guilty because you are guilty?

"*Mr. Lang:* Yes, sir.

"*The Court:* To what offense are you pleading guilty?

"*Mr. Lang:* Felonious assault, sir.  *  *  *

*"The Court:* You know, Mr. Lang, I can't accept your plea unless you actually committed the crime of felonious assault. Now I don't want you pleading guilty to something you don't think you are guilty of. I wasn't there.

*"Mr. Lang:* Well if he said I did, I must have sir, but I was pretty drunk, so I —

*"The Court:* You mean there is no doubt in your mind that you threatened him with a pistol, is that right?

*"Mr. Lang:* No, no, I don't.

*"The Court:* You don't have any doubt of that?

*"Mr. Lang:* No, sir, I don't.   *   *   *

*"The Court:* And you are pleading guilty because you feel you are guilty; you're not just pleading guilty to get this over with. It that correct?

*"Mr. Lang:* No, sir, I feel that I am guilty.

*"The Court:* All right. Has anyone forced you to plead guilty?

*"Mr. Lang:* No, sir.

*"The Court:* Has anyone forced you to tell the court what you have told here today?

*"Mr. Lang:* No, sir.

*"The Court:* Has anyone mistreated you while you have been in jail?

*"Mr. Lang:* No, sir.

*"The Court:* Has anyone promised you anything to persuade you to plead guilty?

*"Mr. Lang:* No, sir.

*"The Court:* Has anyone promised you the court would give you a light or easy sentence if you pleaded guilty?

*"Mr. Lang:* No, sir.

*"The Court:* Has anyone promised you that you would be placed on probation if you pleaded guilty?

*"Mr. Lang:* No, sir.

*"The Court:* Now you understand you may still have a trial, either by a jury or by the court, if you want to?

*"Mr. Lang:* Yes, sir.

*"The Court:* Do you want to?

*"Mr. Lang:* No, sir.

*"The Court:* Is everything you have told the court today concerning this case told of your own free will and accord?

*"Mr. Lang:* Yes, sir.

*"The Court:* The court now determines that the plea of guilty to the charge as offered is made freely, with understanding, and voluntarily. The court also finds that said plea was not offered because of undue influence, compulsion or duress, and no promise of leniency was made.

"The plea of guilty is accepted and ordered entered upon the records of this court.

"The bond will be continued, and I will sentence you on March 14th at 1:30.

*"Mr. Lang:* Yes, sir."

On March 14, 1966, defendant was sentenced to serve 1-1/2 to 4 years in the State prison of southern Michigan. On October 17, 1966, defendant appeared before the parole board on the expiration of his minimum term and the case was continued for 18 months. On November 4, 1966, defendant filed a petition and motion to withdraw his plea of guilty, set aside his conviction and be granted a new trial.

In denying defendant's motion, the trial court stated:

"While it does not appear in the petition, it would appear from Mr. Lang's covering letters and from paragraph 3 of his response to the prosecuting attorney's answer to the petition, that the motivating factor in this matter is the fact that the parole board denied him parole on the basis of his minimum sentence. Mr. Lang takes the position that this is a 'nonjudicial increase in his minimum sentence, without proper cause shown from his postconviction record, is a substitution of the judgment of the parole board for that of the sentencing judge and violates

the "separation of powers" doctrine of the State and Federal Constitutions.' * * *

"The court has reviewed the transcripts relating to this case and is of the opinion, as it was when the plea was accepted, that the provisions of GCR 785.3 (2) were complied with. At the time of entering the plea, Mr. Lang was 39 years of age, was represented by competent counsel, had the benefit of a preliminary examination, had the experience afforded by six prior felony convictions, and requested a change of plea from not guilty to guilty. It seems rather preposterous for Mr. Lang to now claim that he didn't know the nature of the crime with which he was charged and that his plea was not understandingly made.

"So far as the action taken by the parole board is concerned, the court can find no basis for finding that its action was illegal, unconstitutional, or beyond the scope of its authority.

"The court finds that the grounds on which the petition to withdraw the plea of guilty is based are without merit and that there is no reason for the court to exercise its discretion and allow a withdrawal of the plea.

"The petition is denied."

On May 12, 1967, the Michigan Court of Appeals denied defendant's application for delayed appeal.

In *People* v. *Vasquez* (1942), 303 Mich 340, 342, this Court stated:

"We have always adhered to the rule that after sentence has been imposed, the withdrawal of a plea of guilty rests in the sound discretion of the court. *People* v. *Williams,* 225 Mich 133; *People* v. *Kobrzycki,* 242 Mich 44; *People* v. *Skropski,* 292 Mich 461."

The record before us indicates no abuse of discretion on the part of the trial judge in denying defendant-appellant's petition and motion to with-

draw his plea of guilty, set aside his conviction and grant a new trial.

Affirmed.

DETHMERS, C. J., and BLACK, O'HARA, ADAMS, and T. E. BRENNAN, JJ., concurred with KELLY, J.

T. M. KAVANAGH, J., concurred in the result.