PEOPLE *v.* WATSON

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—DISCRETION.
 The granting of leave to withdraw a plea of guilty after sentence rests in the sound discretion of the trial judge, subject to review only for an abuse of such discretion.

2. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—RECORD.
 Refusal of trial court to allow withdrawal of plea of guilty of rape was not an abuse of discretion where, although the transcript of the proceeding when the plea was taken does not disclose that the offense was accomplished by force and against the will of the complainant, the transcript of the sentence proceeding shows that the sentencing judge reviewed the acts constituting the offense, including the use of force, and the defendant, when asked if he wanted to say anything, replied "no."

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 March 4, 1970, at Detroit. (Docket No. 7,840.) Decided March 26, 1970. Leave to appeal denied June 10, 1970. 383 Mich 788.

Ralph Watson was convicted, on his plea of guilty, of attempted rape. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
 Propriety and prejudicial effect of showing, in criminal case, withdrawn guilty plea. 86 ALR2d 326.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* ·(Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

QUINN, J. Defendant was charged with the common-law rape of his 16-year-old stepdaughter. At arraignment, he pleaded not guilty. January 10, 1968, with his counsel present, defendant pleaded guilty to attempted rape. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788) and CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287). He was sentenced and thereafter moved to withdraw his plea. This motion was denied and defendant appeals.

The basis for the appeal is defendant's contention that the plea transcript fails to disclose that the offense was accomplished by force and against the will of complainant; thus, a necessary element of the crime is not disclosed. The plea transcript supports that contention.

However, the sentencing transcript discloses the following:

*"The Court:* And she claims, although you don't say it was so that she was forcibly taken into her room, slapped beforehand. She immediately informed her mother of what happened and you admitted penetration of her sexual organ by yours.

Stated that you found her sexually attractive and could not control your emotions. Admits slapping her and carrying her into the bedroom which is inconsistent with the theory of her willingness. Admits in this statement forced on the bed and admitted that you are aware of your deplorable behavior.

\* \* \*

"*The Court:* Dr. Wohelert says you are deviated that way, as a rapist and you are not only that, you are alcoholic, and with this force you are dangerous. Sweet words get results but the use of force makes you dangerous. At least one may be overcome with sweet words and do something one ought not to do, but when you use force the female has no choice, and frankly, a prison sentence hasn't done any good, but I don't believe it is safe to leave you at liberty, I really don't. I would look upon it differently, but this is force and all I know is all the others were force, for all I know. The use of marijuana and if as you admit the use of whiskey might one day take you to a point where not only would you use force and violence, you might go as far as death itself.

"I don't know whether any of these others were the result of hanging around in the wee hours of the night waylaying some woman or not. This one wasn't so.

"Now, that's all I have to say. I have been rambling along in this fashion because I want the record to show some justification for whatever action I take. That is required under the rules. The rules often give you an opportunity to speak and your lawyer has always had that right.

"All right. Do you want to say anything?

"*The Defendant:* No, your Honor."

A motion to withdraw plea of guilty after sentence is addressed to the court's discretion. *People* v. *Lang* (1968), 381 Mich 393. Appellate relief is

granted if the record demonstrates an abuse of discretion. *People* v. *Crane* (1949), 323 Mich 646.

The excerpts quoted above demonstrate that force was involved, and this precludes a finding that the trial judge abused his discretion in denying the motion to withdraw the plea.

Affirmed.

All concurred.