PEOPLE v KADADU

Docket No. 104330. Submitted April 14, 1988, at Lansing. Decided
    June 7, 1988.

    Joul Said Kadadu, an immigrant from Israel who never applied
    for United States citizenship, pled guilty in Genesee Circuit
    Court to a charge of delivery of less than fifty grams of cocaine
    and was sentenced to five years probation, Thomas C. Yeotis, J.
    Kadadu subsequently was ordered deported to Israel because of
    his conviction. Kadadu filed a motion to withdraw his guilty
    plea, stating inter alia that had he known he would be subject
    to deportation because of the conviction he never would have
    pled guilty. The court granted defendant's motion to withdraw
    his guilty plea. The people appealed.

        The Court of Appeals *held:*

        A motion to withdraw a guilty plea is addressed to the sound
    discretion of the trial court. The trial court in this case did not
    abuse its discretion in allowing defendant to withdraw his
    guilty plea.

        Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — MOTION TO SET ASIDE PLEA —
    APPEAL.

    A motion to set aside a guilty plea, made following conviction and
    sentencing, is addressed to the discretion of the trial court,
    which must make a determination as to whether the defendant
    has shown that his prior guilty plea conviction was a miscar-
    riage of justice; appellate relief is granted if the record demon-
    strates an abuse of discretion.

REFERENCES

Am Jur 2d, Aliens and Citizens §§ 1065-1071, 1086, 1178.
Am Jur 2d, Criminal Law §§ 469 *et seq.,* 500 *et seq.*
Construction and application of sec. 212(a)(23) of Immigration and
    Nationality Act (8 USCS sec. 1182(a)(23)), excluding aliens who
    are drug "traffickers" or who have been convicted of violating
    narcotics or marijuana laws. 32 ALR Fed 538.
Court's duty to advise or admonish accused as to consequences of
    plea of guilty, or to determine that he is advised thereof. 97
    ALR2d 549.

2. ALIENS — CONTROLLED SUBSTANCES — DEPORTATION.
   An alien in the United States may be deported for being a
   narcotic drug addict or being convicted of a violation of, or
   conspiracy to violate, any law or regulation of a state, the
   United States, or a foreign country relating to a controlled
   substance (8 USC 1251[a][11]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Alan J. Saoud,* Assistant Prosecuting Attorney, for the people.

*Belzer & Barkey, P.C.* (by *F. Jack Belzer*), for defendant.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

H. HOOD, J. The people appeal by leave granted from the order of the trial court granting defendant's motion to withdraw his guilty plea on the ground that he did not know when he pled guilty that, because of his conviction, he would be deported to Israel.

On May 11, 1983, defendant was admitted to the United States as an immigrant from Israel. Defendant has never applied for United States citizenship. In April, 1984, at age twenty-three, defendant was charged with delivery of cocaine. On October 17, 1984, defendant pled guilty to delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). In exchange, three charges of trafficking cocaine were dropped. On June 19, 1985, defendant was sentenced to five years probation.

On March 12, 1987, a deportation hearing was held in Detroit, and defendant was ordered de-

* Circuit judge, sitting on the Court of Appeals by assignment.

ported to Israel pursuant to 8 USC 1251 (a)(11) because of his conviction. Defendant was ordered to report for deportation on June 30, 1987, but was later granted a stay pending the outcome of this case.

On June 9, 1987, defendant filed a motion to withdraw his guilty plea. In the motion, defendant set forth many reasons why he felt he should be able to withdraw his plea. He alleged that at the time he was arrested he had just arrived in the United States and had become associated with the wrong crowd. He alleged that the amount of cocaine involved was small and that he had repented. He alleged that deportation would be excessive punishment. In an affidavit accompanying his petition, defendant stated that before he pled guilty, his defense counsel cautioned him that a conviction could affect his status as a permanent resident under the United States Immigration and Nationality Act, but that he did not know that he was actually subject to being deported until deportation proceedings were begun against him. He stated that, had he known about deportation, he would not have pled guilty and that, thus, he pled without fully understanding the plea's consequences. He also stated that at the time he "was conversant only to a limited extent with the English language."

The motion was heard on September 8, 1987. Counsel for defendant noted that defendant was now married and had a child and that deportation would be excessive punishment. The prosecutor argued that the court had complied with MCR 6.101(F) at the guilty plea hearing and that that rule did not say that an alien must be told of deportation. The prosecutor stated that, should the court grant the petition, his office would immedi-

ately proceed to trial, so defendant would gain nothing except a little time.

On September 14, 1987, the court rendered its decision. The court stated:

> But, I guess Mr. Kadadu feels that he hasn't had his day in court, hasn't had a trial; his conviction was by a plea, and he would like to have the matter tried.
>
> So, under the circumstances, I'm inclined to give him that opportunity if that's what he really wants, set aside the plea and have the prosecutor prove his guilt if they're able to.
>
> So I'm going to set it aside and order a new trial date . . . .

Where a defendant seeks to set aside a guilty plea following conviction and sentencing, his motion is addressed to the discretion of the trial court, which must make a determination as to whether the defendant has shown that his prior guilty plea conviction was a miscarriage of justice. *People v Lippert,* 79 Mich App 730, 735; 263 NW2d 268 (1977), lv den 404 Mich 805 (1978) (citing *People v Winegar,* 380 Mich 719; 158 NW2d 395 [1968]). Appellate relief is granted if the record demonstrates an abuse of discretion. *People v Watson,* 22 Mich App 703, 705-706; 177 NW2d 671, lv den 383 Mich 788 (1970).

The statute under which defendant is to be deported is 8 USC 1251(a)(11), which states:

> Any alien in the United States shall, upon the order of the Attorney General, be deported who . . . .
>
> \*   \*   \*
>
> (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspir-

acy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . .

Whether a defendant should be able to withdraw his guilty plea on the ground that he did not know he would be deported is a case of first impression in Michigan. Although there are no Michigan cases on point, the federal Courts of Appeal and several states have addressed this issue. The early federal court decisions have uniformly denied relief. See *United States v Parrino,* 212 F2d 919 (CA 2, 1954), cert den 348 US 840; 75 S Ct 46; 99 L Ed 663 (1954); *United States v Sambro,* 147 US App DC 75; 454 F2d 918 (1971); *United States v Santelises,* 476 F2d 787 (CA 2, 1973); *Michel v United States,* 507 F2d 461, 464-66 (CA 2, 1974); *Nunez Cordero v United States,* 533 F2d 723 (CA 1, 1976). The first federal case allowing a defendant relief was *United States v Russell,* 222 US App DC 313; 686 F2d 35 (1982). In *Russell,* the court set forth three factors to guide district courts in their determination of whether defendants should be allowed to withdraw their guilty pleas:

> In summary, it is possible to identify several considerations that should guide district court exercise of discretion under Rule 32(d). The first is the strength of the defendant's reason for withdrawing the plea, including whether the defendant asserts his innocence of the charge . . . . The second is the possible existence of prejudice to the government's case as a result of the defendant's untimely request to stand trial. . . . Finally, the trial court must consider whether the defendant's misunderstanding of the collateral consequences of the plea is the result of misleading statements by governmental authorities or the defendant's own ignorance. [*Russell, supra,* 686 F2d 39.]

The court noted how a remand would be appropriate for the district court to apply the factors. *Id.,* p 40. However, in lieu of remanding, the court reversed because the record revealed that the prosecutor had misinformed the defendant that the plea would not subject him to deportation. *Id.,* p 41.

In later federal cases, the defendants alleged ineffective assistance of counsel for their counsels' failure to tell them about deportation consequences of their pleas. See *United States v Gavilan,* 761 F2d 226 (CA 5, 1985); *Downs-Morgan v United States,* 765 F2d 1534 (CA 11, 1985); *United States v Campbell,* 778 F2d 764 (CA 11, 1985). Although the Courts of Appeal affirmed the district courts' denials of the defendants' motions in *Gavilan* and *Campbell,* the courts did so only because the defendants had not made a sufficient showing of ineffective assistance of counsel. *Gavilan, supra,* p 228; *Campbell, supra,* pp 767-768. In *Downs-Morgan, supra,* the court remanded for an evidentiary hearing to determine whether the defendant was afforded reasonably effective assistance from his counsel in deciding to plead guilty. *Downs-Morgan, supra,* p 1541.

A number of states also have addressed this issue. Five states—California, Connecticut, Massachusetts, Oregon, and Washington—have enacted statutes requiring courts to inform defendants of the possible deportation consequences of guilty pleas. Cal Penal Code § 1016.5 (West); Conn Gen Stat § 54-1j; Mass Ann Laws ch 278, § 29D (Law Co-op); Or Rev Stat § 135.385; Wash Rev Code § 10.40.200.

Other states which do not have statutes have decisions on point. Wisconsin, Florida, and Alaska have held that, as a matter of law, a defendant may not withdraw his guilty plea. *State v Santos,*

136 Wis 2d 528; 401 NW2d 856 (1987); *State v Ginebra,* 511 So 2d 960 (Fla, 1987); *Tafoya v State,* 500 P2d 247 (Alas, 1972), cert den 410 US 945; 93 S Ct 1389; 35 L Ed 2d 611 (1973). Other states have allowed withdrawal if the defendant makes a sufficient showing of ineffective assistance of counsel. See *State v Lopez,* 379 NW2d 633 (Minn App, 1986); *Daley v State,* 61 Md App 486; 487 A2d 320 (1985); *State v Chung,* 210 NJ Super 427; 510 A2d 72 (1986); *Commonwealth v Wellington,* 305 Pa Super 24; 451 A2d 223 (1982); *People v Pozo,* 712 P2d 1044 (Colo App, 1985). In *Mott v State,* 407 NW2d 581, 583 (Iowa, 1987), the Iowa Supreme Court held that, if the defendant's counsel actively misrepresented to the defendant that he would not be deported, the defendant was denied the effective assistance of counsel and should be able to withdraw his guilty plea. The Illinois Supreme Court also took this approach in *People v Correa,* 108 Ill 2d 541, 552-553; 485 NE2d 307, 312 (1985).

That deportation may have a serious effect on a defendant's life cannot be disputed. See *Ng Fung Ho v White,* 259 US 276, 284; 42 S Ct 492, 495; 66 L Ed 938, 943 (1922).

> It is extremely troublesome that deportation has never been considered a direct consequence of guilty pleas of the sort that must be brought to the defendant's attention before his plea may be considered voluntary. . . . Aliens form a discrete, easily recognized class of defendants. They are deported by the same branch of government that brings criminal charges against them, and in many cases their deportation is a more direct and automatic consequence of conviction than any other sanction. District courts need to remember that although they are not required to explain the possibility of deportation to alien defendants before accepting a plea under Rule 11, nothing prohibits them from doing so. The distribution of

> justice to alien defendants can only be enhanced if the trial courts make sure such defendants know the pandects under which they plead. [*Russell, supra,* pp 41-42.]

As indicated earlier, a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. Applying this standard, we feel that the trial court did not abuse its discretion in allowing defendant to withdraw his guilty plea. The court listened to both parties' arguments and decided that it would be more equitable to allow defendant to go to trial before suffering the extreme consequences of deportation. Having presided at defendant's guilty plea hearing, the trial judge was in a better position to know the circumstances of the crime to which defendant pled guilty than we are. We are hard pressed to find an abuse of discretion where a trial court has opted to grant to a criminal defendant an opportunity to proceed to trial and there is no showing that the prosecution is prejudiced by defendant's decision to proceed to trial. The court recognized and exercised its discretion in deciding whether defendant should be able to withdraw his guilty plea, and we find no abuse of discretion.

Affirmed.