PEOPLE v OVALLE

Docket Nos. 192770, 192845. Submitted January 21, 1997, at Lansing.
    Decided March 25, 1997, at 9:20 A.M. Leave to appeal sought.

    John C. Ovalle pleaded guilty in the Tuscola Circuit Court, Patrick R.
    Joslyn, J., of being a prisoner in possession of a controlled sub-
    stance and was sentenced to fourteen months' to five years' impris-
    onment. The defendant filed in the Court of Appeals an application
    for leave to appeal from his conviction and sentence on the basis
    of the discovery after sentencing that, through a clerical error by
    the Department of Corrections, the defendant remained a prisoner
    even though he had served the statutory maximum sentence for the
    prior offense for which he had been imprisoned and that, accord-
    ingly, he had not been lawfully incarcerated at the time of the com-
    mission of the present offense. The defendant also filed in the cir-
    cuit court a motion to withdraw his guilty plea or, in the alterna-
    tive, for resentencing or sentencing credit. The circuit court denied
    both that motion and the subsequent motion for reconsideration of
    that motion. The defendant then sought leave to appeal from the
    denial of the motion to reconsider the motion to withdraw the
    guilty plea or for sentencing relief. Both applications for leave to
    appeal were granted, and the appeals were consolidated.

    The Court of Appeals held:

    1. There is no absolute right to withdraw a guilty plea. A motion
    to withdraw a guilty plea is addressed to a trial court's sound dis-
    cretion, which will not be disturbed on appeal absent a showing of
    a clear abuse of discretion.

    2. The defendant's contention that a prisoner can be guilty of
    being a prisoner in possession of a controlled substance under
    MCL 800.281(4); MSA 28.1621(4) only if the prisoner is "lawfully"
    incarcerated at the time of the offense is not supported by the lan-
    guage of the statute. The statute has no requirement that the incar-
    ceration be lawful, but rather requires only that the person be a
    "prisoner," which is defined for the purpose of that statute in MCL
    800.281a(f); MSA 28.1621(1)(f) as being "a person committed to the
    Michigan commission on corrections who has not been released on
    parole or discharged." The defendant was a person who had been
    committed to the commission on corrections and, at the time of the

offense, had not been released on parole or discharged. Thus, he was a prisoner at the time of his possession of the controlled substance and was guilty of the offense of which he pleaded guilty, notwithstanding the fact that he remained a prisoner because of a clerical error that resulted in him not having been released when he had served the maximum of the term for which he had been incarcerated.

3. The defendant's contention that the consecutive sentence statute, MCL 768.7a(1); MSA 28.1030(1)(1), requires that the sentence for this conviction commence on the date of the expiration of his prior sentence is without merit, because such a conclusion would result in the illogical situation in which the sentence for this offense would be deemed to have begun to run more than four years before the sentence was imposed and, indeed, more than 3½ years before the offense was committed.

4. Because the defendant's incarceration from the end of his prior sentence to the imposition of the present sentence was not the result of being denied or unable to furnish a bond for this offense, he is not entitled to receive sentence credit pursuant to MCL 769.11b; MSA 28.1083(2).

5. The question relative to the trial court's authority to countermand the defendant's release from prison pursuant to a writ of habeas corpus issued by a district court was rendered moot by the order of the Court of Appeals releasing the defendant on bond during the pendency of this appeal.

Affirmed.

PRISONS AND PRISONERS — CONTROLLED SUBSTANCES — LAWFUL INCARCERATION — CRIMINAL LAW.

The statute making criminal the possession of a controlled substance by a prisoner does not require proof that the incarceration of the defendant was lawful, but, rather, requires only proof that the defendant was a prisoner at the time of the possession of the controlled substance; a prisoner is defined for the purpose of the statute as a person committed to the Michigan commission on corrections who has not been released on parole or discharged (MCL 800.281[4], 800.281a[f]; MSA 28.1621[4], 28.1621[1][f]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *James R. Reed*, Prosecuting Attorney, and *Jonathan C. Pierce*, Assistant Attorney General, for the people.

*Joseph J. Farah*, for the defendant.

Before: GRIFFIN, P.J., and MCDONALD and C. W. JOHN-
SON*, JJ.

MCDONALD, J. Defendant pleaded guilty of being a
prisoner in possession of marijuana, MCL 800.281(4);
MSA 28.1621(4), and was sentenced to fourteen
months' to five years' imprisonment. In Docket No.
192770, defendant filed an application for leave to
appeal from his December 15, 1995, judgment of sen-
tence. In Docket No. 192845 defendant filed an emer-
gency application for leave to appeal from the Febru-
ary 6, 1996, opinion and order denying rehearing and
resentencing. Both applications were granted by this
Court. In both cases, defendant seeks relief, claiming
he discovered after sentencing that at the time he
commited this offense he mistakenly had remained
incarcerated after having served the maximum term
of the sentence for which he had previously been
imprisoned. We affirm.

There is no absolute right to withdrawal of a guilty
plea. *People v Rettelle*, 173 Mich App 196; 433 NW2d
401 (1988). When first made after sentencing, a
motion to withdraw a guilty plea is addressed to the
sound discretion of the trial court, and the trial
court's decision will not be disturbed unless there is a
clear abuse of discretion resulting in a miscarriage of
justice. *People v Jones*, 190 Mich App 509; 476 NW2d
646 (1991). Although in this case the court in exercis-
ing its discretion was required to interpret a statute,
we find no error in the court's interpretation or exer-
cise of discretion. *Heinz v Chicago Rd Investment
Co*, 216 Mich App 289; 549 NW2d 47 (1996).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant pleaded guilty of violating MCL 800.281(4); MSA 28.1621(4). He now maintains the statute applies only to a prisoner who is "lawfully" incarcerated and, therefore, because it is undisputed he was not lawfully incarcerated at the time he committed the instant offense, his motion to withdraw his guilty plea should have been granted. Defendant also argues this same issue in the context of a motion for a new trial based on newly discovered evidence, the new evidence being the discovery after sentencing that his prior sentence had terminated some four years earlier, thereby establishing his incarceration on the date of the instant offense was unlawful.

MCL 800.281(4); MSA 28.1621(4) states in relevant part:

> Except as provided in section 2, a prisoner shall not possess any alcoholic liquor, prescription drug, poison, or controlled substance.

The statute does not contain any requirement of "lawful" incarceration. Rather, the statute's applicability is dependent upon a person's status as a "prisoner." The term "prisoner" is expressly defined in MCL 800.281a; MSA 28.1621(1), which states:

> As used in this act:

> \*          \*          \*

> (f) "Prisoner" means a person committed to the Michigan commission on corrections who has not been released on parole or discharged.

Under the foregoing definition, a person is a prisoner if that person has been committed to the Michigan commission on corrections and "has not been

released on parole or discharged." The legality of the person's commitment is immaterial, apart from determining whether the person has been "released on parole or discharged." Here, defendant was committed to the commission of corrections and had not been released on parole or discharged when he was charged with possessing marijuana. He was therefore subject to prosecution for possession of marijuana by a prisoner, notwithstanding the alleged illegality of his incarceration.

We reject defendant's invitation to create a requirement that a person must be legally incarcerated in order to be convicted of being a prisoner in possession of a controlled substance. Defendant's reliance on *People v Alexander*, 39 Mich App 607; 197 NW2d 831 (1972), for this proposition is misplaced. *Alexander* involved a prosecution for prison escape and was premised on the existence of a constitutional right to liberty. There is no corresponding right to possess a controlled substance. On the contrary, under MCL 333.7403; MSA 14.15(7403), possession of marijuana by a person who is not incarcerated is unlawful. Defendant was properly charged and convicted of being a prisoner in possession of a controlled substance.

We also reject defendant's contention the trial court erred in failing to amend defendant's judgment of sentence to reflect a commencement date consistent with the day after defendant's previous sentence expired or alternatively to award defendant sentence credit because of the Department of Corrections' delay in properly adjusting defendant's records.

Defendant asserts because consecutive sentencing was required under MCL 768.7a(1); MSA

28.1030(1)(1), and because that statute states a consecutive sentence "shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve," his judgment of sentence should be amended to reflect a sentence commencement date of November 15, 1991. We disagree. Defendant fails to distinguish the issue of consecutive sentencing from the issue of sentence commencement date. Apart from the issue of sentence credit, which is discussed below, it is axiomatic a sentence may not commence to run before it is imposed. See, e.g., *People v Johnson*, 57 Mich App 117; 225 NW2d 704 (1974), and *People v Adkins*, 433 Mich 732; 449 NW2d 400 (1989). In order to adopt defendant's argument, this Court would have to conclude defendant's sentence began to run more than four years before it was ever imposed, and more than 3½ years before defendant committed the crime itself. To reach such a conclusion would be illogical.

We likewise reject defendant's argument he should receive additional sentence credit pursuant to MCL 769.11b; MSA 28.1083(2). Defendant's prior incarceration was not the result of being denied or unable to furnish bond for the offense of which he was convicted. Rather, defendant was incarcerated because of the circumstances of his prior 1987 conviction and sentence for possession of cocaine and an apparent record- keeping error by the Michigan Department of Corrections with respect to that sentence. As our Supreme Court noted in *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985), § 11b "neither requires nor permits sentence credit" in cases where a defendant is incarcerated "as a result of charges arising out of an unrelated offense or circumstance"

and then seeks credit in another case for the unrelated period of confinement. The trial court correctly concluded defendant was not entitled to sentencing credit.

Finally defendant's remaining claim, challenging the trial court's authority to countermand an order providing for his release from prison on a writ of habeas corpus pending a decision in this case, is now moot. In an order dated June 6, 1996, in Docket No. 192845, this Court ordered defendant released on bond pending decision of this appeal.

Defendant's conviction and sentence is affirmed and defendant is ordered remanded to the custody of the Department of Corrections.