PEOPLE v WARD

Docket No. 203408. Submitted February 10, 1998, at Detroit. Decided May
26, 1998, at 9:15 A.M.

Michael Ward, while represented by counsel, pleaded guilty in the 52-
1 District Court of operating a motor vehicle while under the influ-
ence of liquor, second offense ( OUIL 2d), and of operating a motor
vehicle while his driver's license was suspended or revoked. The
defendant was sentenced to two years of probation, with six
months in jail, and ordered to pay fines and fees. A year later, the
defendant was charged with OUIL 3d and with operating a motor
vehicle while his license was suspended or revoked, second
offense. The defendant filed a motion for postjudgment relief from
his plea-based conviction of OUIL 2d, arguing in part that the district
court had failed to comply with the plea-taking procedures speci-
fied in MCR 6.610(E). The court, Brian MacKenzie, J., granted the
defendant's motion to set aside the conviction, rejecting the prose-
cution's argument that the defendant's attack on his conviction
could not be sustained because it was collateral, not direct. The
Oakland Circuit Court, Deborah G. Tyner, J., and the Court of
Appeals denied the prosecution leave to appeal. The Supreme
Court, in lieu of granting leave, remanded the case to the Court of
Appeals for consideration as on leave granted. 454 Mich 894 (1997).

The Court of Appeals *held*:

1. The defendant's attack on his conviction was direct because it
was made within the case instituted for prosecuting that charge
and it was, under MCR 6.610(E)(7)(a), a necessary step in the pro-
cess of filing an appeal to the circuit court.

2. MCR 6.610(E)(7)(a), which governs criminal procedure in the
district court, in providing that "[a] defendant may not challenge a
plea on appeal unless the defendant moved in the trial court to
withdraw the plea for noncompliance with these rules," does not
specify a time limit by which a postsentencing motion to withdraw
a plea must be made. Accordingly, the defendant's motion for
postjudgment relief cannot be deemed collateral on the basis that
is was long delayed.

Affirmed.

DOCTOROFF, P.J., dissenting, stated that a long-delayed direct attack on a plea-based conviction obtained in the district court while the defendant was represented by counsel should be deemed collateral in the interests of finality and fairness.

1. CRIMINAL LAW — GUILTY PLEAS — DISTRICT COURT.

A motion in the district court for postjudgment relief from a plea-based conviction on the ground that the conviction is invalid because the district court failed to comply with the plea-taking procedures required by the court rules is a direct, not a collateral, attack on the conviction (MCR 6.610[E]).

2. CRIMINAL LAW — GUILTY PLEAS — DISTRICT COURT.

The court rule that requires the filing of a motion in the district court to withdraw a plea before the plea can be challenged on appeal does not set a time limit by which such a motion must be made (MCR 6.610[E][7][a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*John D. Lazar*, for the defendant.

Before: DOCTOROFF, P.J., and REILLY and G. S. ALLEN*, JJ.

REILLY, J. On February 1, 1995, defendant, Michael Ward, pleaded guilty in the district court of operating a motor vehicle while under the influence of liquor, second offense (OUIL 2d), MCL 257.625(7)(b); MSA 9.2325(7)(b), and of operating a motor vehicle while his driver's license was suspended or revoked, MCL 257.904(1)(a); MSA 9.2604(1)(a). The district court sentenced defendant to two years' probation, with six months in jail. The district court also fined defendant $500 for the OUIL 2d conviction and $200 for the con-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

viction of driving with a suspended license and ordered him to pay probationary oversight fees and to get treatment for his alcoholism.

Defendant was subsequently charged with OUIL, third offense (OUIL 3d), MCL 257.625(7)(d); MSA 9.2325(7)(d), and driving with a suspended or revoked license, second offense, MCL 257.904(1)(b); MSA 9.2604(1)(b). This charge was based on an unrelated incident, which was alleged to have occurred on February 3, 1996. On March 29, 1996, defendant moved in the district court to set aside his February 1, 1995, plea-based conviction of OUIL 2d on the grounds that the plea lacked a factual basis and that the court had failed to comply with the prerequisites for accepting a plea as articulated in MCR 6.610(E). The district court granted defendant's motion to set aside his conviction. In so ruling, the district court held that defendant's motion was a direct attack on the conviction, rather than a collateral attack, and that the record contained no factual basis for defendant's plea.

The prosecution then unsuccessfully sought leave to appeal in the circuit court. In denying the prosecution's application for leave, the circuit court reasoned that defendant's motion to set aside his plea-based conviction was a direct attack on the conviction because defendant was required to make the motion in order to preserve the argument for appeal to the circuit court. The prosecution's subsequent application for leave to appeal to this Court was then denied for lack of merit. This case is before us now on remand from the Michigan Supreme Court for consideration, as on leave granted, of the issue whether the district court properly set aside the defendant's February 1, 1995, guilty plea conviction of OUIL 2d. 454

Mich 894 (1997). We now conclude that it did, and we affirm.

On appeal, the prosecution argues that defendant's motion to set aside his plea-based conviction was a collateral attack on a plea taken while defendant was represented by counsel and that, as such, it should have been denied. We reluctantly disagree. When a motion to set aside a guilty plea is first made after sentencing, it is addressed to the sound discretion of the trial court, and the trial court's decision will not be disturbed unless there is a clear abuse of discretion resulting in a miscarriage of justice. *People v Ovalle*, 222 Mich App 463, 465; 564 NW2d 147 (1997); *People v Kadadu*, 169 Mich App 278, 281; 425 NW2d 784 (1988). The question whether an attack on a conviction was direct or collateral is a question of law. Questions of law are reviewed de novo. *People v Briseno*, 211 Mich App 11, 17; 535 NW2d 559 (1995).

The Michigan Supreme Court, in *People v Ingram*, 439 Mich 288, 294-295; 484 NW2d 241 (1992), held:

> [The] failure of a plea-taking court to adhere to applicable plea-taking requirements during the plea proceeding does not provide a defendant the opportunity to challenge by collateral attack. The validity of such a plea, where the defendant was represented by an attorney when entering the plea or when the defendant intelligently waived the right to counsel, including the right to court-appointed counsel if indigent, is unassailable.

Accordingly, if defendant's attack on his February 1, 1995, plea-based conviction was collateral, as opposed to direct, defendant was not entitled to have it set aside.

Black's Law Dictionary (6th ed) defines "direct attack" as follows:

> A direct attack on a judgment or decree is an attempt, for
> sufficient cause, to have it annulled, reversed, vacated, cor-
> rected, declared void, or enjoined, in a proceeding insti-
> tuted for that specific purpose, such as an appeal, writ of
> error, bill of review, or injunction to restrain its execution;
> distinguished from a collateral attack, which is an attempt
> to impeach the validity or binding force of the judgment or
> decree as a side issue or in a proceeding instituted for some
> other purpose.

In a footnote, the *Ingram* Court defined "collateral attacks" as "those challenges raised other than by initial appeal of the conviction in question." *Ingram, supra* at 291, n 1; see also *People v Howard*, 212 Mich App 366, 369; 538 NW2d 44 (1995) ("[W]e believe a collateral attack occurs whenever a challenge is made to a judgment in any manner other than through a direct appeal."). In this case, the prosecution argues that because defendant's motion to set aside his plea-based conviction was not made in the context of a direct appeal of his conviction, it should have been deemed collateral. The prosecution also relies on *People v Erwin*, 212 Mich App 55, 66; 536 NW2d 818 (1995), in which a panel of this Court, relying solely on the *Ingram* footnote, reported as dictum that long-delayed direct attacks are "deemed collateral."[1]

The defendant in *Ingram* was charged with OUIL 3d (Case 5) based on four underlying plea-based OUIL convictions (Cases 1-4). After the circuit court ruled that two of the underlying convictions (Cases 1 & 2) were infirm because of the defendant's lack of counsel, the defendant entered a conditional plea of guilty to the charge of OUIL 3d in Case 5, preserving his right

---

[1] Neither the body of the *Ingram* opinion nor its footnote supports this proposition.

to challenge on appeal the validity of one of the other underlying convictions (Case 3). Before appealing his OUIL 3d conviction in Case 5, the defendant made a separate motion in Case 3 to have his plea-based conviction set aside. After this motion was granted, the defendant moved in the circuit court to withdraw his plea in Case 5, and this motion was denied. On appeal in Case 5, the Michigan Supreme Court affirmed the defendant's conviction of OUIL 3d, reasoning that the defendant's attempt *in Case 5* to challenge the validity of the plea-based conviction obtained *in Case 3*, was a collateral attack on a plea taken while represented by counsel. As such, it was foreclosed.[2] *Ingram, supra* at 291-302. Similarly, in *Howard, supra* at 369, a panel of this Court, relying on *Ingram*, held that a defendant's challenge to the use of a prior plea-based conviction for enhancement purposes in an OUIL 3d prosecution was a collateral attack. However, unlike *Ingram* and *Howard*, the challenge at issue in this case was not made in a proceeding instituted for the purpose of prosecuting a separate charge.

Although defendant's challenge to his plea-based conviction was made through a motion for postjudgment relief rather than in a direct appeal, we are constrained to conclude that it was a direct attack on the conviction because (1) it was made in the case instituted for the specific purpose of prosecuting the

---

[2] The validity of the defendant's successful challenge to his conviction in Case 3, for purposes of Case 3, was not before the *Ingram* Court. Accordingly, the Court's holding that the defendant could not challenge the validity of Case 3 for purposes of Case 5, did not effect the dismissal of Case 3. As a result, the defendant's conviction of OUIL 3d in Case 5 was upheld despite the fact that there was only one prior conviction of record (Case 4). See *Ingram, supra* at 304-309 (CAVANAGH, C.J., dissenting).

charge at issue, compare *Ingram, supra,* and *Howard, supra,* and (2) it was a necessary step in the process of filing an appeal to the circuit court. The procedures for taking a plea in the district court, and for challenging such a plea, are addressed in MCR 6.610(E). Pursuant to subsection 7(a) of that rule,

> [a] defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules. Such a motion may be made either before or after sentence has been imposed.

The rules applicable to the district court provide no time limit by which such a motion must be made, and we are not persuaded that we should look to the circuit court rules[3] to establish a time limit for moving to withdraw a plea in the district court. Because the language of the court rule is clear, we should apply it as written. There being no time restrictions specified in MCR 6.610(E), we decline to construe this court rule as containing one. See *People v Harris,* 224 Mich App 597, 601; 569 NW2d 525 (1997). Moreover, we cannot assume that the drafters inadvertently omitted from one court rule the language placed in another court rule, and then, on the basis of that assumption, apply what is not there. Cf. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d 76 (1993).

While there is no time limit for filing a postjudgment motion to set aside a plea-based conviction, MCR 7.101(B)(1) provides a twenty-one-day period from the time of the entry of the order or judgment appealed from for (1) taking an appeal by right from

---

[3] For pleas taken in the circuit court, MCR 6.311(A) provides that a defendant may file a motion to withdraw within the time for filing an application for leave to appeal.

the district court to the circuit court or (2) filing a motion for postjudgment relief in order to preserve an appeal by right. In this case, defendant's motion to set aside his plea-based conviction was not filed within that period. However, under MCR 7.103(A)(2), a circuit court may grant leave to appeal from the district court after the time for taking an appeal under MCR 7.101(B)(1) has expired. Accordingly, if defendant had lost his motion in the district court, he may still have been able to take a direct appeal. To hold that a defendant may challenge his plea-based conviction only on direct appeal, and then to prevent him from taking one of the steps necessary to do so, would defy logic. Because we conclude that defendant's challenge to his plea-based conviction was a direct attack, and the prosecution does not otherwise contest the merits of the district court's decision to grant defendant's motion, we hold that the district court did not abuse its discretion in granting defendant's motion to set aside his plea-based conviction.

In so holding, we are mindful of the potential for manipulation of the system allowed by a rule permitting such challenges. This Court, in *People v Nydam*, 165 Mich App 476, 479; 419 NW2d 417 (1987), explained that permitting a defendant charged with OUIL 3d to collaterally attack a prior plea-based OUIL conviction several years later "would in effect grant to a defendant a license to lie in the weeds, voluntarily enter a guilty plea, accept the consequences thereof, and then (when once again convicted of driving while intoxicated) attempt to avoid the effect of his prior conviction through a legal artifice." Although defendant's challenge in this case was direct rather than collateral, and therefore not precluded, the cir-

cumstances of its timing raise similar concerns. While the tactics employed by defendant's enthusiastic trial counsel might offend certain notions of fair play, if any criticism is to be assigned in this case, it should fall most squarely on the district court that took the defective plea in the first place. As this Court has observed:

> OUIL offenses are exceptional inasmuch as the Legislature has provided for augmented punishment of a simple misdemeanor for repeat offenders up to and including felony treatment. It is therefore of special importance that courts follow regular procedures in accepting misdemeanor pleas to these offenses and carefully consider the potential consequences of such pleas for subsequent felony offenses. [*Erwin, supra* at 65-66.]

We once again remind the district courts of the importance of following the established procedures for taking pleas in OUIL cases.

Affirmed.

G. S. ALLEN, J., concurred.

DOCTOROFF, P.J. (*dissenting*). I respectfully dissent. Although MCR 6.610(E) does not provide a time limit for challenging a plea-based conviction, the particular circumstances of this case highlight the need for this Court to impose some restrictions. Here, defendant was represented by counsel when he pleaded guilty in February 1995 of operating a motor vehicle while under the influence of liquor, second offense (OUIL 2d). He did not challenge his plea until over a year later when he was charged with OUIL 3d and faced revocation of his probation, which would result in jail time. Although defendant is challenging his conviction by direct appeal rather than collateral attack, this

appeal never would have been brought had defendant not been subsequently charged as a third offender. This Court has previously suggested that long-delayed direct attacks on plea-based district court convictions will be deemed collateral and therefore must surmount a high threshold before judicial relief will be considered. *People v Erwin*, 212 Mich App 55, 66; 536 NW2d 818 (1995). The present case involves precisely the sort of delayed direct attack that should be deemed collateral in the interest of "considerations of finality and administrative consequences [which] must become part of the process with which we assure the achievement of proceedings that are consistent with the rudimentary demands of fair procedure." *People v Ingram*, 439 Mich 288, 293-294; 484 NW2d 241 (1992).

I agree with the majority that the district court should be mindful of the established procedures for taking pleas in OUIL cases. However, I am even more concerned with allowing a defendant who is represented by counsel an unlimited period during which to challenge an apparently voluntary guilty plea. If this is in fact permitted by the court rules, then I respectfully suggest that the Supreme Court consider amending the court rules to impose a time limit on direct challenges to plea-based convictions in the district court.