PEOPLE v OSAGHAE (ON RECONSIDERATION)

Docket No. 112857. Decided July 20, 1999. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals. Rehearing denied 461 Mich 1205.

Uwadia P. Osaghae, a resident alien, in July 1992, pleaded guilty of possession of a financial transaction device, without the consent of its owner, MCL 750.157p; MSA 28.354(15), and, at about the same time, was convicted of a federal fraud offense under 18 USC 1344. In 1996 Congress amended the immigration laws to require that a resident alien with two or more convictions for crimes of moral turpitude be deported. In February 1997, the defendant filed a combined motion for relief from judgment, for leave to withdraw his plea, and for an evidentiary hearing, in the Detroit Recorder's Court, arguing that his plea was defective because he was not advised that the plea placed him at risk of deportation and because he was not advised of his right to testify at trial. The court, Michael F. Sapala, J., granted relief from judgment, and allowed the defendant to withdraw his plea. The Court of Appeals, NEFF, P.J., and WHITE and D. A. TEEPLE, JJ., affirmed in an unpublished memorandum opinion (Docket No. 201947). The people's application for leave to appeal in the Supreme Court was denied, 459 Mich 900 (1998). On reconsideration, the people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, the Supreme Court *held*:

The trial court erred in granting relief from judgment and in setting aside the defendant's guilty plea.

Absent a substantial change in law that is to be applied retroactively, the validity of a guilty plea is to be determined under the law on the day the plea was taken. In this case, the court complied with the procedural requirements for accepting a guilty plea, and there is no sound basis for challenging the plea. The ancillary federal consequences under federal immigration law did not exist on the day the plea was taken. It was therefore an abuse of discretion to set aside the defendant's plea-based conviction.

Reversed; conviction reinstated.

Justice KELLY, joined by Justice CAVANAGH, dissenting, stated that the motion for reconsideration presents nothing new to recommend it. Given that the motion merely presents the same material already before the Supreme Court when the majority denied leave to appeal, it should be denied.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Douglas P. Dwyer*, Assistant Prosecuting Attorney, for the people.

ON RECONSIDERATION

PER CURIAM. Defendant is a citizen of Nigeria, who is living in the United States as a resident alien. In July 1992, he pleaded guilty of possession of a financial transaction device, without the consent of its owner. MCL 750.157p; MSA 28.354(15). We are told that, at about the same time, defendant was convicted of a federal fraud offense. 18 USC 1344.

Defendant's state conviction led to a ninety-day jail sentence, which defendant served. He did not take an appeal.

The parties agree that in 1996 Congress amended the immigration laws, to require that a resident alien with two or more convictions for crimes of moral turpitude be deported.[1]

In February 1997, defendant filed a combined motion for relief from judgment, for leave to with-

---

[1] We are referred to 8 USC 1251(a)(2)(A)(ii), 8 USC 1227(a)(2)(A)(ii), and 8 USC 1182(c). For present purposes, we will assume that federal law requires deportation. However, there is no immigration or deportation issue before us today, and we offer no ruling on these federal matters.

draw his plea, and for an evidentiary hearing. In his motion, he said that his plea was defective because he was not advised that the plea placed him at risk of deportation and because he was not advised of his right to testify at trial.[2] With regard to the "cause"[3] and "prejudice"[4] requirements, defendant cited the intervening change in federal immigration law and the resulting requirement that he be deported.

The trial court granted relief from judgment, and allowed defendant to withdraw his plea.

The prosecuting attorney filed an application for leave to appeal, which the Court of Appeals granted.[5] The Court of Appeals later affirmed.[6] The Court explained:

> Plaintiff argues that the trial court erred in granting relief from judgment where defendant failed to establish good cause for his failure to raise this issue on appeal. MCR 6.508(D)(3)(a). Defendant could have raised on appeal his claim that he was not advised of his right to testify. Failure to advise defendant of his right to testify did not render the plea involuntary. MCR 6.508(D)(3)(b)(ii). However, defendant could not raise the deportation issue until federal law was amended in a bill signed into law April 24, 1996. Where defendant could not raise this issue on direct appeal or by an earlier motion, MCR 6.508(D)(3) is inapplicable.
>
> We cannot agree that the trial court abused its discretion in granting defendant's motion to withdraw his guilty plea. *People v Haynes (After Remand)*, 221 Mich App 551, 558; 562 NW2d 241 (1997). In *People v Kadadu*, 169 Mich App 278; 425 NW2d 784 (1988), the defendant pleaded guilty to a

---

[2] MCR 6.302(B)(3)(j).

[3] MCR 6.508(D)(3)(a).

[4] MCR 6.508(D)(3)(b).

[5] Unpublished order entered September 25, 1997 (Docket No. 201947).

[6] Unpublished memorandum opinion, issued May 8, 1998, reh den July 29, 1998 (Docket No. 201947).

drug offense, and was subsequently subject to mandatory deportation proceedings pursuant to 8 USC 1251(a)(11) [sic]. The trial court granted the defendant's motion to withdraw his guilty plea to the drug offense, based on the defendant's affidavit stating that he was unaware that his conviction would subject him to deportation. This Court affirmed the trial court, finding that it did not abuse its discretion in allowing defendant to withdraw his plea.

There is more support for allowing defendant to withdraw his plea in the instant case. Rather than claiming ignorance of the law, defendant was subjected to a provision that did not exist at the time of his plea. Given this change in circumstances, the trial court did not abuse its discretion in allowing defendant to withdraw his plea.

The prosecuting attorney then applied for leave to appeal in this Court, but we denied the application.[7] Before us today is the prosecutor's motion for reconsideration.

On reconsideration, we hold that the trial court erred in granting relief from judgment and in setting aside the guilty plea.

A review of the transcript of the July 1992 plea proceeding reveals that the trial court substantially complied with the requirement that defendant be informed of his right to testify. The court received an affirmative answer when it asked defendant, "do you further understand that if you go to trial, either by Court or by jury, you are not required to take the stand and testify, *unless you want to*" (emphasis supplied). We are confident that a person of ordinary intelligence and fluency[8] would understand from that

---

[7] 459 Mich 900 (1998).

[8] The plea transcript gives no indication that defendant is not fluent in the English language.

question that he or she has the right to testify.[9]

With regard to the consequences of a plea under federal immigration law, there is no state-law requirement that a defendant be given such advice. And, even if such a requirement did exist, no one has suggested that federal law compelled deportation as of 1992, when the plea proceeding took place.

Absent a substantial change in law that is to be applied retroactively, the validity of a guilty plea is to be determined under the law on the day the plea is taken. And even in such an instance, high thresholds must be cleared if a defendant seeks to withdraw a plea after a lengthy delay, or for reasons relating to the consequences of the plea. *People v Ward,* 459 Mich 602, 611-615; 594 NW2d 47 (1999).

The Court of Appeals relied on *People v Kadadu, supra,* but the federal law placing Mr. Kadadu at risk of deportation was already on the books at the time of his plea. In contrast, the present case involves a federal amendment that had not been enacted at the time the plea was taken. Simply put, defense counsel had no duty in 1992 to predict the future when he rendered legal advice regarding defendant's plea. Accordingly, the discussion in *Kadadu* of ineffective assistance cases in relation to deportation consequences is not pertinent. To the extent that it conflicts with today's decision, *Kadadu* is overruled.

Here, the court complied with the procedural requirements for accepting a guilty plea, and there is no sound basis for challenging the plea. The ancillary

---

[9] Even if advice concerning the right to testify had not been given effectively, such an omission would not be an automatic ground for reversal. See the resolution of *People v Neal,* which is discussed in *Guilty Plea Cases,* 395 Mich 96, 123; 235 NW2d 132 (1975).

federal consequences under federal immigration law did not exist on the day the plea was taken. Our system of criminal justice has a substantial interest in finality,[10] and it was an abuse of discretion to set aside the defendant's plea-based conviction.

Indeed, this case illustrates perfectly the importance of principles stated almost thirty years ago by the United States Supreme Court:

> What is at stake in this phase of the case is not the integrity of the state convictions obtained on guilty pleas, but whether, years later, defendants must be permitted to withdraw their pleas, which were perfectly valid when made, and be given another choice between admitting their guilt and putting the State to its proof. . . . It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing . . . . Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act. [*McMann v Richardson*, 397 US 759, 773-774; 90 S Ct 1441; 25 L Ed 2d 763 (1970).]

For these reasons, we grant the motion for reconsideration, and we reverse the judgment of the Court of Appeals and the February 1997 order of the trial court. We reinstate the defendant's July 1992 conviction for possession of a financial transaction device. MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

---

[10] We often have emphasized the importance of finality. See, for example, *Ward, supra* at 611-612, and *People v Carpentier*, 446 Mich 19, 29, 35-37; 521 NW2d 195 (1994).

KELLY, J. (*dissenting*). The motion for reconsideration presents nothing new to recommend it. A motion for reconsideration "which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). Given that the motion merely presents the same material already before us when the majority denied leave to appeal, I would deny it. The prosecution has failed, as the court rule requires, to "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3).

CAVANAGH, J., concurred with KELLY, J.